309 So.2d 232 (1975)
STATE of Florida, Petitioner,
v.
Thomas A. HENDRICKS, Respondent.
No. 74-1571.
District Court of Appeal of Florida, Fourth District.
March 7, 1975.
*233 Philip S. Shailer, State Atty. and Jon H. Gutmacher, Asst. State Atty., Fort Lauderdale, for petitioner.
No appearance for respondent.
PER CURIAM.
The County Court dismissed a traffic violation prosecution because of the failure to accord the defendant with a speedy trial. The Circuit Court affirmed on appeal. The State petitions for Writ of Certiorari.
The calendar of pertinent events:
January 19, 1974 Defendant was cited for a traffic violation and the case was set to be tried in the Hollywood Municipal Court.
February 7, 1974 Defendant filed a motion demanding a speedy trial by a jury of his peers.
February 28, 1974 Defendant petitioned the City to transfer the case to the County Court pursuant to F.S. 932.61 so that he might receive a jury trial.
March 7, 1974 The case was ordered transferred.
March 12, 1974 The case was docketed in the County Court.
May 29, 1974 Defendant filed a Motion to Discharge on the basis that he had not received a speedy trial because he had not been tried within either 60 or 90 days from time of his municipal arrest.
June 5, 1974 The cause was ordered dismissed on the same date that jury trial had been ordered.
October 21, 1974 The Circuit Court affirmed the order of dismissal on the basis of a literal interpretation of traffic court Rule 6.13, which provides:
"The trial of all persons taken into custody prior to the effective date of this Rule (12.01 A.M. February 15, 1974) shall commence on or before May 15, 1974... ."
and Rule 3.191 F.R.Cr.P.
It appears to have been the holding of the court that, since defendant was not tried before May 15, 1974, regardless of circumstances and any other considerations, the court was mandated to simply dismiss the case.
It appears that, without contention to the contrary, a municipal trial was available to the defendant prior to May 15, 1974.
Clearly defendant had no constitutional right to a jury trial. His was only a statutory right to transfer to another court, if, as was the case here, the City did not offer a jury trial. The defendant's choice to activate the transfer procedure constituted a waiver of the speedy trial rule and constituted a trial tactic which should not be available to subvert the ends of justice. Instead, the speedy trial rights should have simply recommenced upon his case having been docketed in the County Court; the June 5, 1974 jury trial date was, therefore, timely.
Moreover, by moving to transfer the cause from the Municipal Court to the *234 County Court the defendant was not "continuously available" for trial within the meaning of Rule 3.191(a)(2), FRCrP; see Rubiera v. Dade County ex rel. Benitez, Fla. 1974, 305 So.2d 161.
Accordingly, the petition for certiorari is granted and the decision of the circuit court is quashed and the cause remanded to the circuit court with directions to vacate the order of the county court and reinstate the prosecution.
WALDEN, MAGER and DOWNEY, JJ., concur.