318 So.2d 513 (1975)
Charles B. CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1382.
District Court of Appeal of Florida, Fourth District.
September 5, 1975.
Rehearing Denied September 29, 1975.
*514 Sanford M. Swerdlin, Clewiston, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
On May 25, 1973, appellant was indicted on two counts of petit larceny and one count of grand larceny (circuit court case No. 73-1043 CF). On July 13, 1973, appellant moved for and was granted a continuance and the case was reset for trial October 1, 1973. On July 26, 1973, appellant filed a waiver of his right to be tried within the time periods set forth in Rule 3.191, RCrP. On September 18, 1973, the state entered a nolle prosequi on the charges contained in the indictment, and on the same day the state filed three informations (circuit court case Nos. 73-1994 CF, 73-1995 CF, and 73-1996 CF) against appellant charging him with fourteen counts of embezzlement. On December 26, 1973, appellant filed a motion to dismiss all three informations on the ground that the state had failed to bring him to trial within the time limit specified in the speedy trial rule, Rule 3.191, RCrP. Said motion was denied; appellant was tried on February 11, 1974 and convicted on all counts.
The appellate question presented is whether the trial court erred in refusing to grant appellant's motion for discharge because the time had expired for bringing appellant to trial under Rule 3.191 RCrP.
The record demonstrates that the original indictment on three counts of larceny, case No. 73-1043 CF, and the information in case No. 73-1994 CF, were based upon the same conduct or criminal episode. However, the other eleven counts of embezzlement contained in the informations in case Nos. 73-1995 CF and 73-1996 CF, were based upon different criminal episodes. Therefore, the speedy trial rule did not begin to run as to the counts on the informations in cases Nos. 73-1995 CF and 73-1996 CF until September 19, 1973, when they were filed; and the trial date of February 11, 1974 was well within the 180 days provided by the rule.
Since the charge contained in information No. 73-1994 CF arose out of the same conduct or criminal episode as did the charges in the original indictment, the speedy trial rule began to run as to those charges on May 30, 1973, when appellant was arrested. But on July 11, 1973, appellant sought and obtained a continuance. Then on July 26, 1973, appellant filed a waiver of his rights under Rule 3.191. That made the speedy trial rule no longer applicable to those charges. State ex rel. *515 Butler v. Cullen, Fla. 1971, 253 So.2d 861. When the new information was filed appellant made no motion for speedy trial, which motion would have required that he be tried within 60 days of the filing date of the motion (Rule 3.191(a)(2)); instead, as in State ex rel. Butler v. Cullen, supra, appellant improperly attempted to rely on Rule 3.191, RCrP, after he had waived its protection.
Therefore, as to the information in case No. 73-1994 CF, we hold on authority of the Cullen case, supra, that the motion for discharge filed December 26, 1973, was properly denied, and that the state was obliged to bring appellant to trial within 90 days of the denial of that motion when the appellant reinvoked his right to the protection of Rule 3.191, RCrP, by filing his motion for discharge. Since the state tried appellant within the 90 day period after the denial, the judgment of conviction in case No. 73-1994 CF was lawful.
Affirmed.
WALDEN, C.J., and MAGER, J., concur.