PER CURIAM.
Pursuant to a petition from the Traffic Court Review Committee, Transition Rule 22 is promulgated in the manner as appended to this opinion. This rule shall become effective immediately. This Rule should not be construed to modify or vitiate any agreement reached by a municipality and county relating to abolition of municipal courts.
It is so ordered.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
APPENDIX
TRANSITION RULE 22
1. References to Abolished Municipal Courts
In the Rules of Court promulgated by this Court, in the Florida Statutes and in any municipal ordinance, all references to municipal court or municipal judge shall be deemed to refer to the county court or county court judge as of January 3, 1977, or, if a municipal court is abolished at an earlier date, on that date.
2. Transfer of Files from Municipal Courts
a. The clerks of the several municipal courts shall, on or before January 3, 1977, transfer to the appropriate county court all cases pending before such municipal courts, including all cases on appeal therefrom, as *1120 are within the jurisdiction of the county courts of this State pursuant to Florida Constitution, Rev. Article V, effective January 1,1973. The physical possession of the files of all such cases shall be delivered to the clerk of the appropriate circuit court or to the clerk of the appropriate county court where such clerk is authorized by general law pursuant to Florida Constitution, Rev. Article V, effective January 1, 1973.
b. It shall not be necessary for the clerk of the circuit court or of the county court to redocket such pending and appeal cases as shall be transferred to said court pursuant to this rule, but the docket sheets, docket books, and other records which are transferred and delivered to said court shall be maintained, and appropriate entries may be made in the same manner as entries are made pertaining to cases initially filed and docketed in said circuit court or county court.
c. Neither praecipe nor certificate shall be required in any terminated case transferred and delivered to the clerk of the circuit court or of the county court unless such case be then on appeal. In each pending case which is transferred, and in each case which is then on appeal, the transferring clerk shall file a certificate signed by such clerk, reciting that the case is being transferred in accordance with the requirement of this rule. The clerk of the circuit court or of the county court to which such cases are transferred and delivered shall file in the file of any case which is terminated when transferred, but in which any subsequent action is taken, whether by appeal or otherwise, a certificate that such case was transferred to such court in accordance with this rule.
d. All pleadings in any case transferred pursuant to this rule and made subsequent to such transfer shall set forth in the caption the name of the circuit or county court to which transferred, but may retain the case number originally assigned when the case was initially filed and docketed.
e. From and after the transfer and delivery of the files and other records, the clerk of the circuit court or of the county court to which the transfer is made shall retain custody thereof and be responsible therefor in the same manner as the files initially filed in such court.
f.Unless otherwise agreed to by the city and county or directed by the chief judge, all files and other court papers in terminated cases, shall not be transferred, but may be disposed of as provided by law. In the event that they are transferred under the provisions of this subsection, a complete inventory and index shall be prepared by the municipality.
3. Transition Moratorium
The chief judges of the circuit courts are hereby authorized to declare a moratorium at their discretion, of all nonessential activity in the county courts and clerks’ offices under their jurisdiction (recommend 1 to 2 weeks) for the purpose of preparing for the transition of municipal courts.
4. Costs in County Courts
When any municipal court is abolished and violations of municipal ordinances are prosecuted in county court, the chief judge of a circuit shall, by local rule, establish a schedule of costs, in conformity with the provisions of Fla.Const. (Rev.) art. V, § 20(c)(8), and Fla.Stat. § 34.191(2), F.S.A., to be assessed against a defendant in the county court and paid to the county. Such costs shall be assessed as a set dollar amount per conviction, not to exceed fifty (50) dollars, excluding any other statutory costs.
5. Prosecution of Municipal Ordinance Violations
All municipal ordinance violation charges which may be tried by affidavits or other unsworn charging instruments may proceed to trial on such affidavits or other unsworn charging instruments.
6. Collection of Outstanding Fines
All cases for which outstanding fines, civil penalties and costs are being collected by *1121 a municipality shall be retained by the municipality until collected or until such time as the offender defaults on payment. If a default occurs the municipality may institute summary claims proceedings to collect such outstanding fines.
7. Judicial Notice of Municipal Ordinances
The judges of the county courts, upon the abolition of a municipal court, may take judicial notice of any of the municipality’s ordinances if a certified copy of such municipal ordinance has been filed in the office of the clerk of circuit court, or, in those counties having a clerk of the county court, filed in the latter office.
8. Speedy Trial Rule Moratorium
In prosecutions of municipal ordinances violations, the time under the speedy trial rule shall begin to run on January 3, 1977, or when actual custody begins, whichever is later.
9. Branch Courts
Clerks of circuit and/or county courts shall have authority to retain in a branch court, satellite court, or municipal facility (if authorized by the chief judge) all county court permanent records through the pending, or undisposed of, status of a case and then transfer these records to the county seat for retention and destruction.
10.Style of Municipal Ordinance Cases
All prosecutions of municipal ordinances in county court shall have the following style: City of_v._
COMMITTEE NOTES
1. The intent of subsection 4 is that no costs shall be deducted from any fine assessed for the violation of a municipal ordinance.
2. The purpose of subsection 5 is to avoid the necessity of the state attorney preparing informations on all municipal ordinance eases, which at the time of the effective date of the abolition of municipal courts, could be tried by affidavits or other unsworn charging instruments.