364 So.2d 819 (1978)
STATE of Florida, Appellant,
v.
Roy Lee THADDIES, Appellee.
No. 77-1547.
District Court of Appeal of Florida, Fourth District.
November 15, 1978.
Joel M. Weissman, Asst. State Atty., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Jerry L. Schwarz, Asst. Public Defender, West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal by the state from an order discharging the appellee, Roy Lee Thaddies, under the speedy trial rule.
Thaddies was arrested on May 28, 1976, for assault and battery in violation of a municipal ordinance of the City of Delray Beach. He was then released on bond and trial was scheduled in municipal court for July 9, 1976.
On June 15, 1976, Thaddies was arrested and incarcerated in the Palm Beach County jail on unrelated charges. He did not appear for his municipal court trial and was incarcerated through October 6, 1976. On December 20, 1976, the municipal court *820 charge was sent to the state attorney's office for review in preparation for the case's transfer to the state courts because of the imminent abolition of the municipal court. No further action was taken to prosecute the municipal ordinance violation. However, on March 8, 1977, Thaddies was charged with aggravated battery for the same conduct that resulted in his arrest of May 28, 1976. He was arrested on March 16, 1977. On May 17, 1977, Thaddies filed a motion for discharge, alleging that under Fla.R.Crim.P. 3.191 he should have been tried within 180 days of May 28, 1976. This motion was granted on July 6, 1977, in an order which found that Thaddies was continuously available for trial from May 28, 1976, until May 17, 1977.
This court has held that the speedy trial rule, Rule 3.191, does not apply to proceedings in municipal courts. State ex rel Savage v. Kaplan, 297 So.2d 868 (Fla. 4th DCA 1974). Accordingly, Thaddies had no rights under the rule on the charges filed against him in municipal court. It is true that in State v. Hendricks, 309 So.2d 232 (Fla. 4th DCA 1975), we held that a defendant waived his speedy trial rights under Rule 3.191 when he requested a transfer of pending traffic charges from municipal court to state court. But in Hendricks, Rule 6.13 of the Rules for Traffic Court specifically provided that Rule 3.191 would be applicable to traffic cases. No such rule is involved here.
In anticipation of the abolishment of municipal courts under Article V of the Florida Constitution, the Supreme Court enacted Transition Rule 22[1] which provides:
In prosecution of municipal ordinances violations the time under the speedy trial rule shall begin to run on January 3, 1977, or when actual custody begins, whichever is later.
Under this rule the earliest that the speedy trial time would start running on municipal charges transferred to the state court would be January 3, 1977, and not May 28, 1976.
However, Thaddies was not prosecuted in state court on the municipal ordinance violation. Instead, an information charging aggravated battery was filed. That charge was based on the same criminal episode that gave rise to the municipal ordinance violation. Rule 3.191(a)(1), Florida Rules of Criminal Procedure, provides:
The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.
In similar circumstances this court has held that although earlier charges arising from the same incident are dropped, speedy trial time on charges later filed, but based on the same incident, is still measured from the date of arrest on the earlier charges. Clark v. State, 318 So.2d 513 (Fla. 4th DCA 1975). In Clark the defendant was still denied discharge because he was shown to have waived his speedy trial rights in the earlier proceedings. No such showing has been made here. In fact, the state has not challenged the trial court's finding that Thaddies was continuously available for trial between May of 1976 and May of 1977.
The First District, in a case on different facts, has ruled that speedy trial time does not commence running upon an arrest in which no charge is filed. Snead v. State, 346 So.2d 546 (Fla. 1st DCA 1976). While we express no view on the Snead holding, we note that here a charge was filed upon Thaddies' initial arrest on May 28, 1976. In effect, as in Clark, supra, that charge was eventually dropped when the state decided not to prosecute Thaddies for the municipal offense of assault and battery.
Accordingly, this court's opinion of May 31, 1978, is hereby withdrawn and the order of discharge is affirmed.
DOWNEY, C.J., and LETTS, J., concur.
NOTES
[1] In re Abolition of Municipal Courts Transition Rule 22, 339 So.2d 1119 (Fla. 1976).