368 So.2d 83 (1979)
Clinton David ROBINSON, Petitioner,
v.
The Honorable Humes T. LASHER, Judge of Circuit Court of 17TH Judicial Circuit in and for Broward County, Florida, Respondent.
No. 78-2070.
District Court of Appeal of Florida, Fourth District.
February 28, 1979.
Louis Vernell, Miami Springs, for petitioner.
Patti Englander, Asst. State's Atty., Seventeenth Judicial Circuit, Fort Lauderdale, for respondent.
PER CURIAM.
The petitioner claims he is entitled to discharge under the speedy trial rule, Fla.R. Crim.P. 3.191. Petitioner was arrested and charged with reckless driving on January 25, 1978, as a result of an accident in which *84 a passenger in petitioner's automobile was killed. On August 9, 1978, 196 days after his initial arrest, an information was filed charging the petitioner with manslaughter as a result of the same incident giving rise to the previous arrest. On August 24, the reckless driving charge was nolle prossed by the state. In response to this court's order to show cause, the respondent did not reply to petitioner's arguments on the merits and sought relinquishment of jurisdiction to rule on a pending motion for discharge. That request was granted and the respondent entered an order thereafter simply denying petitioner's motion for discharge. The respondent has not shown cause why the petition should not be granted. In the recent case of State v. Thaddies, 364 So.2d 819 (Fla. 4th DCA 1978), this court noted:
In similar circumstances this court has held that although earlier charges arising from the same incident are dropped, speedy trial time on charges later filed, but based on the same incident, is still measured from the date of arrest on the earlier charges. Clark v. State, 318 So.2d 513 (Fla. 4th DCA 1975). (Id. at 820)
Here, the state had 180 days from January 25 to try the petitioner. That time had expired by August 8 when the manslaughter charge was filed. The alleged victim of the manslaughter died on January 25, 1978. Hence, all of the circumstances giving rise to the charges of reckless driving and manslaughter occurred on January 25. The state could not enlarge the time for speedy trial by the untimely filing of the manslaughter charge or by its nolle prosequi of the reckless driving charge, Thaddies, supra; and the respondent has alleged no other basis for extending the time for speedy trial. The petitioner is entitled to be discharged.
Accordingly, the petition for writ of prohibition is granted and the respondent is hereby directed to discharge the petitioner.
DOWNEY, C.J., and ANSTEAD and DAUKSCH, JJ., concur.