380 So.2d 1333 (1980)
Wade Roberts GAGEL, Petitioner,
v.
The Honorable Lon S. CORNELIUS, Judge, Circuit Court of the Ninth Judicial Circuit, Etc., Respondent.
No. 79-395/NT4-74.
District Court of Appeal of Florida, Fifth District.
March 19, 1980.
James E. Shepherd of Shepherd, McCabe & Cooley, Orlando, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondent.
MOORE, JOHN H., II, Associate Judge.
Petitioner seeks to prohibit the trial court from trying him on a charge of manslaughter. He filed a motion for discharge in the trial court pursuant to the speedy trial rule, Fla.R.Crim.P. 3.191. The denial of that motion *1334 prompted the instant suggestion for our writ of prohibition.
The issue before us is whether the issuance of a citation for a non-criminal traffic infraction constitutes a taking into custody sufficient to commence the running of the speedy trial time prescribed in Fla.R. Crim.P. 3.191(a)(1). We hold it is not a taking into custody and deny the suggestion for writ of prohibition.
Petitioner was involved in an automobile accident, allegedly due to his intoxication and reckless driving. The accident resulted in the death of another person and the hospitalization of petitioner and others. Pursuant to Section 322.261(1)(c), Florida Statutes (1977), a Highway Patrol investigator directed the hospital personnel to administer a blood alcohol test to petitioner. Because of his physical condition, petitioner neither affirmatively consented to the test, nor did he object. Also while in the hospital, petitioner was served with a citation for the non-criminal traffic infraction of failing to drive on the proper side of a divided highway, contrary to Section 316.090, Florida Statutes (1977).
The citation for the traffic infraction was served on the petitioner on March 23, 1978, the date of the accident and death. A two count information charging him with manslaughter by driving while under the influence of intoxicating liquors and manslaughter by reckless driving was filed on August 15, 1978, pursuant to which petitioner was arrested on August 24. He contends that he should have been tried within 180 days from March 23, and the State having failed to do so, the court erred in denying his motion for discharge.
We will deal with each of petitioner's reasons in support of his contention. Initially he argues that he was "taken into custody" on March 23 because the taking of blood necessitated a prior arrest which, he claims, is a necessary and integral part of the procedure. He overlooks, however, the decision in Filmon v. State, 336 So.2d 586 (Fla. 1976) which upheld the constitutionality of Section 322.261(1)(c), providing for the administration of a blood test to "[a]ny such person who is incapable of refusal by reason of unconsciousness or other mental or physical condition... ." See also, State v. Mitchell, 245 So.2d 618 (Fla. 1971). The record reflects that petitioner was in such a condition when the test was administered to him. Section 322.261(1)(a) requires a lawful arrest prior to administering a chemical test of one's breath. No such requirement exists when a blood test is necessitated by the conditions described in Section 322.261(1)(c). Thus, we reject the argument that petitioner was necessarily under arrest when the test was administered. Moreover, no actual arrest occurred until petitioner was arrested on the manslaughter charge.
The next contention is that petitioner was "taken into custody" on March 23 because the citation he received required his mandatory appearance in court. Relying on Singletary v. State, 322 So.2d 551 (Fla. 1975), he argues that his freedom was restricted because his appearance in court was required under threat of arrest for noncompliance. This argument is also rejected.
Singletary involved a summons to appear for criminal violation of the welfare laws. It merely held that a person receiving a summons for a criminal violation stands in the same position as one who is arrested pursuant to a warrant and is released on bail or recognizance. Each is subject to criminal penalties for failure to appear.
True, the citation received by petitioner required a mandatory court appearance. It does not follow, however, that he was therefore taken into custody for purposes of the speedy trial rule. The underlying rationale of the rule, that one who is charged with criminal conduct may well remain under a cloud of anxiety, suspicion and often hostility until disposition of the charges, does not apply with equal force to one who is cited for a non-criminal traffic violation. Even though he may be required to appear in court because the accident resulted in death, personal injury or property damage exceeding $250.00, the penalty for failure to appear will result only in suspension of driver's privileges. Fla.R.Traf.Ct., 6.620.
*1335 We also note that in adopting the Florida Rules of Traffic Court the Supreme Court specifically made the speedy trial rule applicable to criminal traffic offenses. Fla.R. Traf.Ct. 6.220. No reference is made to non-criminal traffic offenses.
In summary, we hold that the administering of a blood test pursuant to Section 322.261(1)(c) and the issuance of a citation for a non-criminal traffic infraction requiring a mandatory court appearance do not constitute a "taking into custody" for purposes of commencing the speedy trial rule. Accordingly, the suggestion for writ of prohibition is denied.
CROSS, J., concurs.
DAUKSCH, C.J., dissents with opinion.
DAUKSCH, Chief Judge, dissenting:
I respectfully dissent. When the trooper gave the appellant the summons to appear and required the taking of his blood I think there was sufficient control exerted over the individual by the government to begin the running of the speedy trial period. At that point in time the alleged crime had been fully committed, the death had occurred and the appellant's responsibility had been established in the State's view. Appellant could not ignore the summons and was subjected to a loss in his freedom to an extent others are not. I would begin the running of the speedy trial period at the time the summons was served in this case as we did in Robinson v. Lasher, 368 So.2d 83 (Fla. 4th DCA 1979). I realize Robinson was a more serious reckless driving case, a criminal infraction, as opposed to this non-criminal infraction but I think under the facts of this case there is not that much difference. I would issue the writ.