ORFINGER, Judge.
Appellee’s motion for discharge under Florida Rule of Criminal Procedure 3.191 *582 was granted by the trial court and the State appeals.[1]
Late in the night of December 5, 1978, appellee, while operating her motor vehicle was involved in a collision which resulted in the death of the occupant of the other vehicle. Appellee was injured in the collision and was transported from the scene to the hospital. While there, and at the request of an officer of the Florida Highway Patrol, a blood sample was extracted from appellee for testing. Before taking the blood sample, the hospital personnel insisted that the officer sign a request form, which they handed him and which he testified he signed without reading. The pre-printed hospital form read in part: “I further certify that_has been lawfully arrested by me and I have reasonable cause to believe said individual was driving a motor vehicle under the influence of alcoholic beverages.” Into the blank space someone inserted appellee’s name. Since it was now after midnight, the officer dated the form December 6, 1978, and signed it.
After the blood sample was taken and appellee was treated, she was released from the hospital and returned to her home in New York. On February 22,1979, an information was filed against her charging her with vehicular homicide, and when she returned to Florida on June 21,1979, she was taken into custody and booked on these charges.
While in the order granting the motion for discharge under the speedy trial rule entered on August 16, 1979 the court does not say when the time for trial began to run, it did say that the time within which appellee should have been brought to trial expired on June 5,1979. There is no showing of a demand for trial by appellee; thus the State had 180 days from the time appel-lee was taken “into custody as a result of the conduct or criminal episode giving rise to the crime charged.” Fla.R.Crim.P. 3.191(a)(1). It follows then that the trial court must have concluded that the time for trial began to run on December 6,1978, the date on which the blood sample was taken at the request of the officer.
The officer stated that he did not arrest the appellee at the hospital, and that he did not read the form he signed which says that he had arrested her. The officer further testified that appellee was in a state of semiconsciousness and was incoherent, so she was not placed under arrest nor advised of the consequences of refusing a chemical blood alcohol test. Appellee was released from the hospital, apparently with no regard to any supposed detention, and she went home. The record does not demonstrate that an arrest took place at the hospital.
There is nothing in the statute, section 322.26, Florida Statutes (1977), which requires that a person be arrested prior to submitting to a chemical blood alcohol test. Neither is a prior arrest a constitutional prerequisite to the taking of a blood alcohol sample. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Mitchell, 245 So.2d 618 (Fla.1971); Filmon v. State, 336 So.2d 586 (Fla.1976); cert. denied Filmon v. Florida, 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed.2d 375 (1977). These holdings, however, do not preclude an arrest if otherwise proper, so we look further to see if an arrest actually occurred here.
The appellee alleges without a recitation of supporting authority that the seizure of the appellee’s blood was an “actual or constructive seizure or detention of the person to be arrested ...” and as such marked the point in time at which appellee was taken into custody for the purposes of the speedy trial rule. There is no support in case law or in the statute for the proposition that the taking of a blood sample from a suspect constitutes a taking into custody.[2] Indeed, even an “actual or constructive seizure or detention of the person to be arrest *583 ed” in itself has been held not to constitute the type of custody that would trigger the running of speedy trial. In State v. Robbins, 359 So.2d 39 (Fla. 2d DCA 1978), the court held that when an accused is stopped and temporarily detained, but is not placed in a cell or fingerprinted, and is allowed to leave without being placed under arrest, he has not been placed “in custody” within the meaning of Fla.R.Crim.P. 3.191(a)(1), although he has been placed “in custody” for the purposes of the Miranda requirement. Even a control of the subject so pervasive as taking him to the police station for questioning has been held not to constitute “custody” for the purposes of the speedy trial rule. State ex rel. Dean v. Booth, 349 So.2d 806 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 129 (1978).
The elements of arrest are (1) the purpose or intention to effect an arrest under real or pretended authority; (2) an actual or constructive seizure or detention of the person to be arrested; (3) communication by the arresting officer to the person whose arrest is sought of an intention or purpose then and there to effect an arrest and (4) an understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest him (or her). Melton v. State, 75 So.2d 291 (Fla.1954). In the affidavit made by the officer he alleges that the appellee was semi-conscious and incoherent at the time the blood was taken from her and that he did not in fact arrest her. Appellee’s condition as related by the officer is not disputed, so it is clear that no arrest could have taken place at that time because of the impossibility of an understanding by her of any communication that she was arrested.
The trial court found that the officer signed the form “through inadvertence,” so the signing of the form is not conclusive on the question of arrest. The taking of the blood sample neither constitutes an arrest nor is an arrest a prerequisite to the taking of the sample. Further, there is no other evidence that an arrest took place on December 6, 1978. Thus, the order discharging appellee was error, because she was not taken into custody for this offense until June 21, 1979, and 180 days had not run at the time she was discharged on August 16, 1979.
The order of discharge is set aside and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB, J., and GREEN, OLIVER L., Associate Judge, concur.

. Fla.R.App.P. 9.140(c)(1)(E).

. On the contrary, it has been held that the taking of a blood sample to determine its alcohol content does not constitute an arrest or a taking into custody such as will commence the running of the speedy trial rule. Gagel v. Cornelius, 380 So.2d 1333 (Fla. 5th DCA 1980).