PER CURIAM.
The order granting the defendant’s motion to suppress his photographic identification is reversed because the photograph in question was properly procured as a result of a search incident to defendant’s lawful arrest for the misdemeanor of furnishing a police officer with false information. In a light most favorable to the defendant, it was established that, in response to a Terry[1] stop, the defendant furnished the investigating police officer with the name of Michael Robbins, while at the same time, the policeman observed the word “David” tattooed upon his forearm. Some two hours later, the same police officer stopped the defendant in connection with a second incident. The defendant stated that his name was Jeff Woodson. When the officer asked the defendant for his real name, he reinforced his previous answers in replying, “I already told you.” This disparate information afforded the police officer with authority to arrest the defendant for furnishing false information, which is a violation of Metropolitan Dade County Code Section 21-26(A)(3)(a), punishable as a misdemean- or pursuant to Section 125.69, Florida Statutes (1979). Alexander v. State, 418 So.2d 432 (Fla. 3d DCA).
For the foregoing reasons, the order granting the defendant’s motion to suppress his photographic identification is reversed and the case remanded for further proceedings.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).