COWART, Judge.
On June 10, 1981, a ease package (complaint) charging appellant with delinquency was delivered to the office of the clerk of the circuit court and, mistakenly, assigned an adult case number and filed. Later on August 4, 1981, the case package (complaint) was referred to the intake office of H.R.S. On September 3, 1981, the State filed a juvenile delinquency petition against appellant and he was thereafter first taken into custody. Appellant moved to dismiss the delinquency petition arguing that section 39.03(5)(b), Florida Statutes (1981), directs the clerk to “forthwith” forward a copy of the delinquency complaint to the H.R.S. intake office and that if measured from the date the complaint should have been filed with H.R.S. (June 10, 1981), the delinquency petition was not filed within the 45 day time limit of Juvenile Rule of Procedure 8.110(e). Appellant argues the juvenile judge erred in denying his motion to dismiss. We do not agree. First, section 39.03, Florida Statutes (1981), directs events when a child has been taken into custody and does not appear to apply where, as here, the child is not in custody. Secondly, section 39.05(6), Florida Statutes (1981), requires dismissal of a delinquency petition “not filed within 45 days from the date the child was taken into custody.” We have heretofore considered the conflict between *32 section 39.05(6), Florida Statutes (1981) (as amended as of July 1, 1980), and rule 8.110(e) and held that the matter is one of substantive, not procedural, law and that, accordingly, the statute, rather than the rule, controls. State v. D.B.C., 413 So.2d 455 (Fla. 5th DCA 1982), appeal dismissed mem., 419 So.2d 1196 (Fla.1982).
AFFIRMED.
FRANK D. UPCHURCH, Jr., and COBB, JJ., concur.