## STATE OF FLORIDA v WERNLE

# Case No. 87-7720 AC-10 (County Court Case No. 87-7720 MM 10)

Seventeenth Judicial Circuit, Broward County

March 17, 1989

### APPEARANCES OF COUNSEL

**Christina L. Spudeas,** Assistant State Attorney, for appellant.

**Lawrence Roberts,** for appellee.

### OPINION OF THE COURT

ROBERT W. TYSON, JR., Circuit Judge.

### OPINION AFFIRMING COUNTY COURT'S ORDER

This cause came before this Court on an appeal by the State of the County Court's dismissal of the charges against Appellee, EDWIN FRED WERNLE, the defendant below, on the basis that the Defendant was denied a speedy trial.

The facts of this case are not in dispute. On or about April 11, 1987, the Appellee was arrested and subsequently charged by information with possessing an open container of alcoholic beverage in a motor vehicle in violation of Chapter 3, Section 3 of the Broward County Code of Ordinances, 86-2 as punishable by F. S. 125.69

WERNLE moved for discharge on August 10, 1987 alleging that the State had failed to bring him to trial within 90 days following his

arrest and further that no continuances or delays were attributable to him. Defendant contends and this Court agrees that predicated on the facts of his case, he was entitled to discharge on the basis of the failure of the State to provide him with a speedy trial as required by Fla. R. Crim. P. 3.191. The State argues that the speedy trial rule does not apply to any violation of a county ordinance. Thus, the issue as formulated by the State and modified by this Court is "Whether the Speedy Trial Fla. R. Crim. P. 3.191 applies to a violation of a county ordinance?" This court holds that it does.

Florida Statute 125.69 clearly states, "Violations of county ordinances shall be prosecuted in the same manner as misdemeanors are prosecuted." The statute provides, without equivocation, for the prosecution of county ordinance violations as misdemeanors, with all of the implications attached to misdemeanor prosecutions. The Court have not hesitated to impose misdemeanor penalties, apply the procedural rules of court applicable to misdemeanor prosecutions and evidentiary rules as applied to misdemeanors in prosecutions involving county ordinances.

In *State v Stevens,* 421 So.2d 41 (Fla. 3d DCA 1982), the 3rd District Court of Appeal found that raising a motion to suppress evidence was proper where the Defendant was charged with a violation of a Dade County Municipal Ordinance. In *P.P. v State,* 466 So.2d 1140 (Fla. 3d DCA 1985), the appellate court found no difficulty in prosecuting a county ordinance violation employing all the standards of review applicable to a misdemeanor. This Court agrees with the defendant when he argues that it is unjust to apply both penalty and procedure to ordinance violations and then like a procedural "shell game" contend that the safeguards applicable to misdemeanor prosecutions that protect and guarantee the rights of the individuals are not applicable.

The State contends that *State ex rel Savage v Kaplan,* 297 So.2d 868 (Fla. 4th DCA 1974) is controlling and thus Fla. R. Crim. P. 3.191 does not apply. However *Savage,* supra, is both distinguishable and not applicable since it was prior to the Florida Supreme Court's transition rule 22 issued in 1976 and applied solely and exclusively to proceedings had in municipal court when municipal courts were in existence. The Supreme Court of Florida recognized that the transition to a uniform county court system would involve the implementation of "speedy trial rules" for municipal ordinance violations, when it provided for a "Speedy Trial Moratorium" in *In Re: Abolition of Municipal Courts Transition Rule 22,* 339 So.2d 1119, 1121 (FL. 1976) "In prosecutions of municipal ordinance violations, the time under the speedy trial rule

82

shall begin to run on June 3, 1977, or when actual custody begins, which ever is later." *Supra* at 1121. In *State v Thaddies,* 364 So.2d 819 (Fla. 4th DCA 1978), the Fourth District Court of Appeals determined in a case involving both an ordinance violations and a later information founded in the same occurrence that speedy trial provisions of Fla. R. Crim. P. 3.191 did apply. In addressing both the issue of municipal violation and the subsequent information separately, it concluded that under the Supreme Court's transition rule 22, which anticipated the abolishment of municipal courts under Article V of the Florida Constitution, speedy trial time would indeed accrue to matters transferred to County Courts. In addition, it reasoned that where an information had been filed by the State based on the same facts as the municipal ordinances violation that speedy trial time would relate back to the date of the original arrest for the ordinance violation.

Following both the Fourth District Court of Appeals and the Florida Supreme Court's ruling that hold ordinance violations are subject to the same procedures, including the speedy trial rule, and penalties as any other crime, the ruling of the trial court is

AFFIRMED.

Dated: March 17, 1989.