346 So.2d 546 (1976)
Bill SNEAD a/K/a Bill Sneed, Petitioner,
v.
STATE of Florida, Respondent.
No. BB-293.
District Court of Appeal of Florida, First District.
September 7, 1976.
Rehearing Denied October 7, 1976.
*547 James G. Sisco and Olen Meredith, St. Augustine, for petitioner.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for respondent.
McCORD, Judge.
Petitioner seeks a writ of common law certiorari to review an evidentiary ruling of the trial court. We decline issuance of the writ to review such action at this time.
Petitioner also seeks a writ of prohibition contending that the trial court does not have jurisdiction to try the case because the time within which it could be tried has run under the speedy trial rule (Fla.R.Crim.P. 3.191).
On the night of March 14, 1975, Louise Hanna and Linda Kimbro were assaulted and robbed as they left Spuds Bar. Linda later died of her injuries. At the hearing on appellant's motion for discharge under the speedy trial rule, Deputy Sheriff Lightsey testified that on the day after the assault upon the women, he obtained a signed complaint from the owner of Spuds Bar against appellant for trespassing. (On the night of March 14, appellant had been in the bar and had been ordered to leave. He had previously been warned to stay out.) The deputy further testified that upon obtaining the complaint, he and three other officers picked up appellant at his work, read him his rights, and advised him that they wanted to take him to the jail to discuss the robbery and assault cases; that they did not mention the trespassing charge and they did not intend to arrest him on that charge; that after twenty minutes of questioning, Lightsey told appellant he was going to book him for trespass after warning; that he had appellant fingerprinted and photographed, but these were for use in the robbery and assault cases. After appellant was locked up, Lightsey telephoned the state attorney and was advised to drop the trespass charge. He then took appellant home and released him. The next day he had appellant sign a waiver of rights form which stated that he, as a suspect, was advised by the arresting officer that the charge against him was armed robbery and assault to murder Linda Kimbro and Louise Hanna.
In spite of the recitation in the waiver, there was no charge growing out of the robbery and homicide then pending against appellant and none was filed until he was indicted on September 16, 1975, for the murder of Linda Kimbro. Subsequent to his being picked up on March 15 and released on the same day, appellant was free until he was placed in jail on March 23 on an unrelated charge. Appellant contended in the trial court and contends here that the time for his trial under the speedy trial rule began to run on March 15  the date he was picked up and then released; that he has been continuously available for trial since that time. If appellant is correct in this conclusion, the time within which he may be tried has run under the rule and he must be released. We, however, do not so interpret the rule. Had a murder charge been filed against appellant on March 15 or subsequent thereto while he was being held to answer for that charge, he would be correct in his contention. Here, however, appellant was taken to the jail and held for a short period for investigation with no charge for the murder being on file. He was then released without a charge being filed. His subsequent arrest on March 26 was on an unrelated charge upon which he was held until an indictment was returned against him on September 16 for murder. Under these circumstances, the time within which he could be tried under the speedy trial rule began to run on September 16, 1975.
Our decision should not be regarded as implicitly endorsing investigatory arrests but only as holding that an arrest in which no charge is made does not commence the period in which a speedy trial is required on a later charge by Fla.R.Crim.P. 3.191. We are here concerned with whether appellant was charged with murder on March 15, 1975, by his de facto arrest and detention *548 on that day. We are not concerned with the legality of the arrest, whether "for investigation" or on some charge other than murder, or with the consequences of the detention in the context of other questions, such as the admissibility of evidence taken from appellant in detention. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Certiorari and prohibition denied.
BOYER, C.J., and SMITH, J., concur.