349 So.2d 806 (1977)
STATE of Florida ex rel. Wayne P. DEAN, Jr., Relator,
v.
The Honorable John W. BOOTH, Judge Circuit Court, Fifth Judicial Circuit of Florida, Respondent.
No. 77-1209.
District Court of Appeal of Florida, Second District.
September 9, 1977.
Rehearing Denied October 6, 1977.
Kirk N. Kirkconnell of Muller & Kirkconnell, P.A., Winter Park, for relator.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent.

*807 ON SUGGESTION FOR PROHIBITION
GRIMES, Acting Chief Judge.
On January 6, 1977, the police responded to a report of a burglary and a shooting. At the scene, the police found a victim who was lying on the ground with a leg wound, a witness who told the police that the relator had shot the victim, and the relator who had a gun stuck in his belt. Relator lived at the scene of the shooting, and the victim was suspected of having committed the burglary.
The police placed the relator in the patrol car. The officer first locked him in but later locked the car so it could not be entered from outside because relator expressed fear for his safety at the hands of several onlookers. The relator was driven to the police station for questioning. At the station, the police advised the relator of his Miranda rights and obtained a statement from him. He was not placed in a cell, nor was he fingerprinted. The relator was then allowed to leave without being placed under arrest.
On March 14, 1977, the relator was indicted for aggravated battery in violation of Section 784.045(1)(b), Florida Statutes (1975). Immediately after being indicted, the relator was arrested.
On July 6, 1977, the relator moved for discharge pursuant to Fla.R.Crim.P. 3.191 on the ground that more than 180 days had passed since January 6, 1977, when the relator had been taken into custody for the criminal episode giving rise to the crime charged. The motion was denied.
The relator has now filed in this court a suggestion for writ of prohibition seeking to prevent his trial on the aggravated battery charge. If the speedy trial time has run, prohibition is a proper remedy. Sibert v. Hare, 276 So.2d 523 (Fla. 4th DCA 1973).
When the police initially questioned the relator at the station, he was "in custody" for purposes of being entitled to Miranda warnings. However, we do not believe he was "in custody" within the meaning of Fla.R.Crim.P. 3.191(a)(1). A short protective or investigative custody is often advisable where, as in the instant case, a person is a suspect but the police do not believe they have enough evidence to arrest him. Here, there was some evidence that the relator had acted in self-defense. After questioning, the relator was permitted to leave the station without restraint. To construe the speedy trial rule to mean that the time starts running every time the police take a suspect to the station for questioning could have a deleterious effect because the police might then feel compelled to make an arrest on less than sufficient evidence in order to activate the wheels of the prosecutorial process before the time runs out.
Our case is somewhat like Snead v. State, 346 So.2d 546 (Fla. 1st DCA 1976), in which the court said:
"... [A]ppellant was taken to the jail and held for a short period for investigation with no charge for the murder being on file. He was then released without a charge being filed. His subsequent arrest on March 26 was on an unrelated charge upon which he was held until an indictment was returned against him on September 16 for murder. Under these circumstances, the time within which he could be tried under the speedy trial rule began to run on September 16, 1975."
The relator's reliance on Deloach v. State, 338 So.2d 1141 (Fla. 1st DCA 1976), is misplaced because there the defendant was formally placed under arrest on the date the speedy trial time was deemed to have commenced running.
The suggestion for writ of prohibition is denied.
SCHEB and OTT, JJ., concur.