PER CURIAM.
The judgment of conviction and sentence under review is affirmed upon a holding that: (a) the defendant in this case was “taken into custody” for speedy trial purposes under Fla.R.Crim.P. 3.191(a)(1) when he was arrested by the FBI on March 8, 1978 in New York and thereafter formally charged by information, (b) the defendant was not “taken into custody” under the above speedy trial rule when he was detained, questioned and released by the Dade County Public Safety Department on December 31, 1977, as he was never formally arrested and charged at that time, and (c) the trial court properly denied the defendant’s motion to discharge based on the speedy trial rule as more than 180 days had not elapsed under Fla.R.Crim.P. 3.191(a)(1) between the time the defendant was “taken into custody” in this cause and the time the motion for discharge was filed. State v. Robbins, 359 So.2d 39 (Fla. 2d DCA 1978). State ex rel. Dean v. Booth, 349 So.2d 806 (Fla. 2d DCA 1977) cert. denied 358 So.2d 129 (Fla.1978); Snead v. State, 346 So.2d 546 (Fla. 1st DCA 1976) cert. denied 348 So.2d 953 (Fla.1977); compare: State v. N.B., 360 So.2d 162 (Fla. 1st DCA 1978); Deloach v. State, 338 So.2d 1141 (Fla. 1st DCA 1976).