BARKDULL, Judge.
This appeal challenges the propriety of the trial court’s order denying the appellant’s motion for discharge for failure to grant the appellant a speedy trial.
On May 2, 1979, D.L.M. (a 9-year old child) was seen emerging from a house that was burglarized. The police were called and they caught D.L.M. and took him back •to the house, where he was identified by a witness. He was then returned to his parents. On May 31, D.L.M. was formally arrested. The complaint was filed June 8, and the petition was filed July 11. On July 26, the case was set for sounding, but the child did not appear because his parents had not been served. At that time, the trial judge tolled the speedy trial rule until August 6. On August 6, trial was set for August 21. On August 21, the appellant’s counsel moved for discharge for failure to grant a speedy trial under Juvenile Rule 8.180(a)(2), alleging he was taken into custody on May 2, when he was initially stopped by the police. The motion was denied and trial was held on August 28, 1979.
The sole question to be determined is whether the act of the police officers on May 2, 1979 constituted taking the appellant into custody. The phrase “taken into custody”, found in Florida Rule of Juvenile Procedure 8.180, pertaining to speedy trial, does not appear to have been determined. The committee note to this rule tracing the history, states that Rule 8.120, Fla.Trans. Rule 11 merely adopted the adult rule with a more restrictive time limitation. The 1977 amendment maintained the 90-day limitation of Section 8.120, Fla.Trans. Rule 11, but eliminated reference to the criminal rules. Thus, the present rule evolved from the criminal speedy trial Rule 3.191, and looking to interpretations under that rule guides us in determining the meaning of the words “taken into custody” in the instant case. In so doing, we find that the actions of the police officers on May 2,1979 would not constitute “taking into custody”, within the meaning of the rule, and that the appellant was not “taken into custody” until May 31, 1979. See: State v. Booth, 349 So.2d 806 (Fla.2d DCA 1977); Williams v. State, 382 So.2d 847 (Fla.3d DCA 1980). Thus, the trial court was correct in denying the motion for discharge and should be affirmed.
Affirmed.