399 So.2d 466 (1981)
Timothy Paul SNOW and David Andrew Wilson, Appellants,
v.
STATE of Florida, Appellee.
No. 80-1223.
District Court of Appeal of Florida, Second District.
June 3, 1981.
*467 Waldense D. Malouf, Clearwater, for appellant Timothy Paul Snow.
James W. O'Neill, Jr., of Law Offices of William F. Casler, Sr., St. Petersburg Beach, for appellant David Andrew Wilson.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Timothy Paul Snow and David Andrew Wilson appeal judgments and sentences for conspiracy and several counts of kidnapping and involuntary sexual battery, alleging that their speedy trial rights were violated. We disagree and affirm.
On November 2, 1979, appellants were questioned by Deputy Sheriff Robert Codere concerning alleged sexual assaults upon an inmate in the Pinellas County Jail occurring on October 27, 28, and 29, 1979. Codere read appellants their Miranda rights before questioning them. At the time of the alleged sexual assaults, appellants were in jail pending trial on unrelated charges. After questioning appellants, Codere informed prison officials that they were possible perpetrators of the assaults being investigated, that the investigation was being continued, and that, consequently, appellants should be moved. Appellants were then moved to a separate administrative detention cell.
Other inmates in the same cell who were questioned denied knowledge of an assault having taken place, and Codere received conflicting times and dates from the inmates who claimed knowledge of such an assault.
The only verification of the victim's allegations given initially was by inmate Todd. However, Todd indicated he had not actually been in that part of the cell where the assault occurred, but had heard noises; he had actually seen some of the activities on the following day.
Codere had received information that Van Dusen, the victim, was a homosexual and asked him to submit to two polygraph tests. The first test was given a week or two after the initial contact, and the second test was given on a different day. The victim passed the polygraph tests. Finally, some time after the initial interviews, inmates Simpson and Johnston verified the incidents.
No information arising out of the incidents in question was filed until December 14, 1979, when appellants and Raymond Bey[1] were charged in separate informations with a sexual battery alleged to have occurred on October 27, 1979. These informations were nolle prossed on March 10, 1980, and a new information was filed on March 11, 1980, charging appellants, Bey, and four other defendants with twenty-one different counts.
On May 6, appellants filed a motion to dismiss and on May 12 or May 13, they filed a motion for discharge on the ground that more than 180 days had elapsed since they were taken into custody on the instant charges, both of which motions were denied *468 after hearing. Appellants then pled nolo contendere to certain of the charges against them and guilty to the others, specifically reserving the right to appeal the denial of their motion for discharge, and were sentenced to lengthy prison terms. This appeal followed timely.
At the outset, we point out that a plea of guilty forecloses direct appeal on any matter which occurred prior to entry of the plea. Robinson v. State, 373 So.2d 898 (Fla. 1979). A defendant who pleads guilty may appeal only issues which occurred contemporaneously with the plea, and those issues include only subject matter jurisdiction, illegality of the sentence, failure of government to abide by the plea agreement, and the voluntariness of the plea. Id. Thus appellants have waived their right to appeal the denial of their motion for discharge as to the counts to which they pled guilty. Bridges v. State, 376 So.2d 233 (Fla. 1979).
The real issue before us is when the 180-day speedy trial time provided by Florida Rule of Criminal Procedure 3.191(a)(1) began to run in this case. Prior to the 1980 amendment to the rule, which became effective subsequent to the trial court proceedings in this case and is therefore not applicable here, rule 3.191(a)(1) provided that the speedy trial time began "when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged."
On this appeal, appellants rely on State v. N.B., 360 So.2d 162 (Fla. 1st DCA 1978), cert. dismissed, 365 So.2d 713 (Fla. 1978), cert. denied, 383 So.2d 1199 (Fla. 1980), although they did not cite it to the trial court. That case held that the defendant, who was already incarcerated, was taken into custody for speedy trial purposes when he was advised of his Miranda rights, questioned about alleged incidents involving commission of sexual battery on a fellow inmate, and advised that charges would probably be filed, although he was not formally arrested. Appellants urge that under the reasoning in State v. N.B., they were taken into custody for speedy trial purposes on November 2, 1979, when they were read their Miranda rights, questioned about the alleged assaults, and, that same day, moved by prison officials to a separate administrative holding cell on the interrogating officer's recommendation. Appellants make much of their being moved to a separate cell and the allegedly greater restrictions placed upon them following this move.
The jail officials, however, testified that appellants were moved for the protection and well being of both appellants and the other jail inmates, since appellants' implication in a sexual assault was considered likely to result in conflict between them and other inmates who believed and were upset by the allegations. We agree that this was a proper precaution and was not an indication of the belief of any official involved as to whether there was probable cause to believe that appellants were involved in the incident being investigated. This procedure is a common one under such circumstances, and victims, as well as alleged assailants, are generally removed from the general inmate population for their own protection. The jail officials also denied that any further restrictions other than those inherent in the circumstances were placed upon appellants. The trial court obviously chose to believe the jail officials on this issue.
We believe this case is factually distinguishable from State v. N.B. Not only were appellants not given any indication on the day they were questioned as to whether any charges would be filed, the investigating officer testified that it could not be and was not determined until weeks later what charges, if any, would be filed against whom. This testimony stands uncontradicted and unimpeached.
We think this case is analogous to Snead v. State, 346 So.2d 546 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977), in which the defendant
was taken to the jail and held for a short period for investigation with no charge for the murder being on file. He was then released without a charge being *469 filed. His subsequent arrest on March 26 was on an unrelated charge upon which he was held until an indictment was returned against him on September 16 for murder. Under these circumstances, the time within which he could be tried under the speedy trial rule began to run to September 16, 1975.
Id. 346 So.2d at 547.
Furthermore, as noted in State ex rel. Dean v. Booth, 349 So.2d 806 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 129 (Fla. 1978), one can be "in custody" for the purpose of being entitled to Miranda warnings without being "in custody" within the meaning of rule 3.191(a)(1). The relator there was taken to the police station for questioning, was given the Miranda warnings, gave a statement, and was then released without having been arrested. This court held that Miranda warnings were required, but that the brief detention of the relator did not start the speedy trial time running. Here, as in Dean, we hold that the questioning of appellant and the attendant Miranda warnings given were appropriate, but that the speedy trial time did not begin to run then.
As appellants were neither formally arrested nor advised that they would be prosecuted on the subject charges prior to the filing of the original information against them, we hold that the speedy trial period here commenced with the filing of the original informations on December 14, 1979, and had not expired on the date of the ruling on their motion for discharge. The motion was properly denied.
The remaining issue raised by appellant Snow was not properly preserved for appeal.
Accordingly, appellants' judgments and sentences are AFFIRMED.
HOBSON, Acting C.J., and OTT, J., concur.
NOTES
[1] Bey voluntarily dismissed his appeal to this court and is no longer involved here.