COBB, Judge.
This case concerns an interpretation of the term “taken into custody” as it is used *456 in section 39.05(6), Florida Statutes (1980 Supp.), and in Florida Rule of Juvenile Procedure 8.180(a), as a basis for inception of the respective 45-day and 90-day time periods which they control in juvenile proceedings.
A petition was filed in April, 1981, and amended in May, 1981, charging D. B. C., appellee herein, with an act of juvenile delinquency “in that on or about October 27, 1980, ... (he) did unlawfully operate a motor vehicle upon a public roadway while intoxicated, resulting in the death of (victim).” The October incident involved a van hitting a bicyclist, and witnesses to the accident identified D. B. C. as the driver of the van. Due to the nature of the injuries to the bicyclist, the responding Florida Highway Patrol trooper called for a homicide investigator. The trooper, as part of his accident investigation, then interviewed D. B. C., and the latter stated that he was driving his vehicle north on South Orange Blossom Trail in Orange County when he saw a bicyclist in front of him, and his effort to swerve and miss him was unsuccessful. D. B. C. continued northbound but subsequently turned around and returned to the scene of the collision. No traffic citations were issued.
D. B. C. did not appear to the trooper to be mentally alert at the scene, and was having physical difficulty in standing without support. Field sobriety tests were not administered. The trooper placed D. B. C. in the back seat of his cruiser and asked him to please sit there until the accident investigation was completed. D. B. C. sat there for approximately one hour to one hour and thirty minutes, at which time his parents arrived on the scene. D. B. C. was then transported in the cruiser to an area hospital, and released to his father after a blood test was administered. The trooper’s accident investigation report was not filed with the state attorney’s office or with the Department of Health and Rehabilitative Services.
Appellee, on May 18, 1981, filed a motion to reset the adjudicatory hearing, which was then presently scheduled for July 8, 1981, to July 1, 1981. This motion was granted on May 21, 1981. Appellant, State of Florida, on June 1, 1981, filed a motion for continuance asking the court to reset the adjudicatory hearing from July 1, 1981, to July 20, 1981. The court granted this motion on June 3, 1981. On July 15, 1981, pursuant to motions filed by the appellee, D. B. C., the trial court dismissed the petition on the basis that it was not timely filed under section 39.05(6), Florida Statutes (1979), and also for the reason that no adjudicatory hearing had been held within the requisite 90-day period under the juvenile speedy trial rule (Rule 8.180[a][b]). The state appeals this ruling.
In regard to the first issue raised by this appeal — i.e., dismissal based upon the 45-day period for filing the petition — we must first determine whether the statute or the rule governs. Section 39.05(6), Florida Statutes (1980 Supp.), provides:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody.... (Emphasis added.) (As amended on July 1, 1980.)
Florida Rule of Juvenile Procedure 8.110(e) substitutes “... forty-five (45) days from the date the complaint was referred to the intake office ...” for the underlined portion of section 39.05(6) quoted above. Since the statute was amended as of July 1, 1980, and the incident which gave rise to this appeal occurred on October 27, 1980, it is clear that the new statutory language applies. Thus, section 39.05(6) is in direct conflict with Rule 8.110(e). The statute, rather than the rule, controls because the matter is one of substantive, not procedural, law. L. H. v. State, 408 So.2d 1039 (Fla.1982). Since the statute controls, we must determine “the date the child was taken into custody.” This determination also is necessary for resolution of the second issue raised on appeal — the propriety of the trial court’s holding that the speedy trial *457 period had run under Florida Rule of Juvenile Procedure 8.180(a).[1]
In D. L. M. v. State, 397 So.2d 439 (Fla.3d DCA 1981), the court noted that the juvenile speedy trial rule has evolved from its adult counterpart, Florida Rule of Criminal Procedure 3.191, and that interpretations under the latter are proper guides in determining the meaning of the words “taken into custody” appearing in Rule 8.180(a)(1). In that case the facts indicated that on May 2, 1979, D. L. M., a nine-year-old child, was seen emerging from a house that was burglarized. The police were called and they caught D. L. M. and took him back to the house, where he was identified by a witness. He was then returned to his parents. On May 31, D. L. M. was formally arrested. The petition was filed July 11. On July 26, the case was set for sounding, but the child did not appear because his parents had not been served. At that time, the trial judge tolled the speedy trial period until August 6. On August 6, trial was set for August 21. On August 21, appellant moved for discharge for failure to grant a speedy trial under Florida Rule of Juvenile Procedure 8.180(a)(1), alleging he was taken into custody on May 2 when he was initially stopped by the police. The court held that the action of the police officers on May 2, 1979, did not constitute “taking into custody” within the meaning of the rule, and that the appellant was not “taken into custody” until May 31, 1979.
The court in State v. Robbins, 359 So.2d 39 (Fla.2d DCA 1978), a factually similar case, held that where the defendant was stopped by the police, momentarily handcuffed, taken to a hospital, allowed to leave the hospital after examination and treatment, and was never arrested or detained, the defendant-driver was not “in custody” for purposes of the application of the speedy trial rule to charges arising out of the stop by the police. The court also noted that when an accused is stopped and temporarily detained, but is not placed in a cell or fingerprinted, and is allowed to leave without being placed under arrest, he has not been placed “in custody” within the meaning of Florida Rule of Criminal Procedure 3.191(a)(1), although he has been placed “in custody” for purposes of the Miranda requirements. The fact that the police had probable cause to arrest the defendant at the time of his temporary detention and transportation to the hospital does not change the result. The police may delay an arrest beyond the completion of their investigation.
The defendant in State ex rel. Dean v. Booth, 349 So.2d 806 (Fla.2d DCA 1977), was driven to the police station in a patrol car, advised of his Miranda rights and questioned. he was not placed in a cell nor fingerprinted, and was allowed to leave without being placed under arrest. The court found the defendant to be in custody for Miranda purposes but not for the purposes of the application of Florida Rule of Criminal Procedure 3.191(a)(1). A short protective or investigative custody is often advisable where a person is a suspect but the police do not believe they have enough evidence to arrest him. See also Williams v. State, 382 So.2d 847 (Fla.3d DCA 1980); Snead v. State, 346 So.2d 546 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 953 (Fla.1977).
In the instant case, the evidence does not support a finding that appellee was “taken into custody” in October, 1980, for speedy trial purposes. He was asked to remain in the police car at the scene of the accident for safety and investigative purposes. No citation was issued. No field sobriety tests were given. He was not placed in a cell or fingerprinted. The mere administering of a blood test does not constitute a “taking into custody” for purposes of commencing the running of the speedy trial rule. State v. Naughton, 395 So.2d 581 (Fla.5th DCA 1981); Gagel v. Cornelius, 380 So.2d 1333 (Fla.5th DCA 1980). See also Filmon v. State, 336 So.2d 586 (Fla.1976), cert. denied and appeal dismissed, 430 U.S. *458 980, 97 S.Ct. 1675, 52 L.Ed.2d 375 (1977), rehearing denied, 431 U.S. 960, 97 S.Ct. 2689, 53 L.Ed.2d 279; State v. Mitchell, 245 So.2d 618 (Fla.1971).
Appellee was not taken into custody on October 27, 1980, nor at any time prior to the filing of the petition in April, 1981. Thus, section 39.05(6), Florida Statutes (1980 Supp.), is not applicable. According to Florida Rule of Juvenile Procedure 8.180(a)(2), as amended effective January 1, 1981,[2] an adjudicatory hearing on the petition must be commenced within 90 days of the date the petition was filed (April 24, 1981). An adjudicatory hearing must have occurred by July 23, 1981. The motions to dismiss were filed on May 21, 1981, and granted on July 15, 1981, clearly before the speedy trial period had run. Under our construction of the applicable facts and law, Rule 8.180(a)(1) does not apply since appel-lee was not in custody prior to the filing of the petition alleging delinquency. Thus, the trial court erred in granting appellee’s motions to dismiss pursuant to the aforesaid statute regarding filing of the petition and the juvenile speedy trial rule.
Accordingly, this cause is reversed and remanded for trial.
REVERSED and REMANDED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. Since the rule is procedural, rather than substantive, it supersedes section 39.05(7), Florida Statutes (1979), the “speedy trial statute.” See State ex rel. Maines v. Baker, 254 So.2d 207 (Fla.1971).

. See In Re Florida Rules of Juvenile Procedure, 393 So.2d 1077 (Fla.1981).