436 So.2d 1067 (1983)
STATE of Florida, Appellant,
v.
M.S.S., a Child, Appellee.
No. 82-1058.
District Court of Appeal of Florida, Second District.
September 2, 1983.
*1068 Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
GRIMES, Acting Chief Judge.
The state appeals from an order discharging M.S.S., a fourteen year old juvenile, for failure to provide him a speedy trial.
On September 5, 1981, two police officers responded to a call at McDonald's Restaurant in Lakeland. Upon arrival, they searched two vehicles in the parking lot, with the consent of the drivers, and recovered hashish from one automobile. M.S.S. had been standing near the vehicles with seven other persons. The entire group was then placed in patrol cars, given Miranda warnings, and driven to the police station.
At the station M.S.S. was questioned as to his identity and for information regarding the drugs. He did not acknowledge any connection with the hashish. At that time he was not formally charged, fingerprinted, or put in a cell. He was permitted to leave in the custody of his parents about one hour later.
On February 16, 1982, M.S.S. signed a sworn affidavit admitting his possession and ownership of the controlled substance. He stated that he had left the hashish in the rear seat of the car without the driver's knowledge. On February 26, 1982, M.S.S. was called as a witness during the trial of the driver. In open court M.S.S. admitted that he had placed two grams of hashish in the back seat. As a result, on the same day he was arrested for possession of a controlled substance in violation of section 893.13, Florida Statutes (1981), and taken into custody. The state then filed a petition of delinquency against him. On April 26, 1982, the court granted a motion for discharge on the ground that more than ninety days had elapsed since September 5, 1981, the day of his initial questioning.
The sole issue before us is whether M.S.S. was "in custody" on September 5, 1981, within the meaning of the juvenile speedy trial rule. Florida Rule of Juvenile Procedure 8.180(a) provides that each delinquency petition must be brought to an adjudicatory hearing without demand within ninety days of the earlier date: either when the child was "taken into custody;" or the date on which the petition was filed. The rule does not include a definition for the phrase "taken into custody."
In D.L.M. v. State, 397 So.2d 439 (Fla. 3d DCA 1981), the police caught a nine year old boy on May 2, 1979, after he emerged from a house that had been burglarized. He was taken back to the house where a witness identified him. He was then permitted to return to his parents, and he was not formally arrested until May 31, 1979. The court held that the actions of the police *1069 on May 2 did not constitute "taking into custody," within the meaning of the rule.
More recently, in State v. D.B.C., 413 So.2d 455 (Fla. 5th DCA 1982), a juvenile defendant was involved in an accident in October of 1980 when he hit a bicyclist as he was driving a van while intoxicated. At the scene the trooper noticed the juvenile was not mentally alert and was physically unstable. He placed the juvenile in the back seat of the cruiser. However, he did not give him a traffic citation or administer a field sobriety test. After one and one half hours the juvenile's parents arrived, and he was transported to a local hospital. There he was given a blood test and released. The court found that the juvenile had not been "taken into custody" on the date of the accident for purposes of rule 8.180(a).
Interpretations of the adult speedy trial rule also provide guidance in determining the meaning of "taken into custody" within rule 8.180(a). D.L.M. v. State. Therefore, this court's decision in State ex rel. Dean v. Booth, 349 So.2d 806 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 129 (Fla. 1978), is persuasive. Following a shooting incident, the defendant was driven to the police station in a patrol car and given Miranda warnings. Though questioned, he was not arrested, fingerprinted, or put in a cell. He was allowed to leave shortly thereafter. We held that, although the defendant had been "in custody" for purposes of his Miranda rights, he had not been "in custody" for purposes of application of the speedy trial rule. See also State v. Robbins, 359 So.2d 39 (Fla. 2d DCA 1978); Snead v. State, 346 So.2d 546 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977).
When M.S.S. was taken to the police station on September 5, 1981, he was not charged, fingerprinted, or otherwise processed by the police. He was permitted to leave within an hour. Only after admitting his possession of a controlled substance was he formally arrested on February 26, 1982. Under these circumstances, we find that M.S.S. was not "taken into custody" until the date of his arrest. Because less than ninety days had elapsed since February 26, 1982, the court erred in granting the motion for discharge.
REVERSED and REMANDED.
RYDER, J., and HANLON, MORTON, J., Associate Judge, concur.