442 So.2d 988 (1983)
STATE of Florida, Appellant,
v.
Keith Bernard CHRISTIAN, Appellee.
No. 83-1183.
District Court of Appeal of Florida, Second District.
November 4, 1983.
Rehearing Denied December 30, 1983.
*989 Jim Smith, Atty. Gen., Tallahassee, and M. Ann Garrison, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellee.
GRIMES, Judge.
The state appeals from an order which discharged appellee for failure to provide him with a speedy trial for second degree murder.
Detectives Reynolds and Rademaker went to the home of appellee's girlfriend on June 29, 1982, and asked appellee to accompany them to the police station for questioning about a homicide. Appellee was driven to the station in handcuffs. At the station, appellee was taken to the interview room where he was given his Miranda warnings and signed a consent to interview form. In the course of an interview which lasted from fifteen to twenty minutes, appellee denied any involvement in the shooting. Detective Reynolds then left the room to discuss the case with Captain Martinez, and a decision was made not to arrest appellee for the homicide at that time. In the meantime, however, Detective Sharrod learned that the police were questioning appellee and caused him to be arrested on an unrelated robbery charge. Detective Rademaker admitted that he would not have permitted appellee to leave the interview room until Reynolds and Martinez decided upon his release. There was no suggestion that the robbery arrest by Detective Sharrod was a subterfuge designed to hold appellee for the homicide.
The unrelated robbery charge was dismissed on September 17, 1982. Thereafter, on December 29, 1982, appellee was formally arrested for the homicide about which he had been questioned. On May 5, 1983, appellee moved for discharge under the speedy trial rule on the premise that he had actually been arrested for murder on June 29, 1982. The court granted the motion and ordered appellee discharged.
A person is taken into custody for purposes of the speedy trial rule when he is arrested as a result of the conduct or criminal episode which gave rise to the crime charged. Fla.R.Crim.P. 3.191(a)(4). A formal arrest, complete with fingerprinting and formal charges, is not always necessary to start the running of the speedy trial time. Bannister v. State, 382 So.2d 77 (Fla. 5th DCA 1980). However, something more than an investigatory detention is required. Snead v. State, 346 So.2d 546 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977). See State v. M.S.S., 436 So.2d 1067 (Fla. 2d DCA 1983). A person may be deemed to be "in custody" for purposes of his Miranda rights yet not be "in custody" for purposes of the application of the speedy trial rule. State ex rel. Dean v. Booth, 349 So.2d 806 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 129 (Fla. 1978).
The court's order was not based upon appellee's testimony that the police told him that he was under arrest when they first saw him at his girlfriend's house. Rather, the court explicitly reasoned that the involuntary custodial interrogation by the police at the station was equivalent to an arrest which began the running of the speedy trial time. We disagree. To accept *990 this premise would mean that any time the police detained a person for questioning about a crime without his consent the speedy trial time for that crime would begin to run. This rationale would have the effect of encouraging the police to make formal arrests when they might not have sufficient evidence to do so.
The handcuffing of appellee bore upon the involuntary nature of his custody but did not convert his detention for questioning into an arrest. It also makes no difference whether Detectives Reynolds and Rademaker believed they had probable cause because it was ultimately decided that appellee would not be arrested for the murder. See State v. Robbins, 359 So.2d 39 (Fla. 2d DCA 1978).
There may be some circumstances under which an extended custodial interrogation could be deemed an arrest for purposes of the speedy trial rule, but upon the facts of the case, such a conclusion was unwarranted. We reverse the order of discharge and remand the case for further proceedings.
OTT, C.J., and HOBSON, J., concur.