PER CURIAM.
We reject Covello’s contention that he was entitled to discharge under the speedy trial rule. We affirm.
Executing a search warrant, police held Covello in his home at gunpoint. He was handcuffed, not permitted to move from his chair or to smoke a cigarette, and was photographed. He was released, however, and was therefore not entitled to discharge under the speedy trial rule, Fla.R.Crim.P. 3.191; D.L.M. v. State, 397 So.2d 439 (Fla. 3d DCA 1981); he was not taken into custody within the meaning of the rule.
Florida courts, addressing the issue of custody and speedy trial considerations, have uniformly held that a defendant is not in custody until he has been formally arrested, Williams v. State, 382 So.2d 847 (Fla. 3d DCA 1980); State v. Robbins, 359 So.2d 39 (Fla. 2d DCA 1978), or held for “something more than an investigatory detention,” State v. Christian, 442 So.2d 988 (Fla. 2d DCA 1983), citing Snead, v. State, 346 So.2d 546 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 953 (Fla.1977). Defendant Covello was clearly in custody for fourth amendment purposes, but was not in custody under the speedy trial rule.
Affirmed.