ON MOTION TO ENFORCE MANDATE
GRIMES, Judge.
The state has filed a motion to enforce the mandate issued pursuant to our decision in State v. Christian, 442 So.2d 988 (Fla. 2d DCA 1983), in which we reversed an order of discharge under the speedy trial rule.
The issue on appeal was whether the defendant had been arrested when the police took him to the station for questioning about a homicide, thereby commencing the running of the speedy trial time. In response to this issue, we said:
The court’s order was not based upon appellee’s testimony that the police told him that he was under arrest when they first saw him at his girlfriend’s house. Rather, the court explicitly reasoned that the involuntary custodial interrogation by the police at the station was equivalent to an arrest which began the running of the speedy trial time. We disagree.

There may be some circumstances under which an extended custodial interrogation could be deemed an arrest for purposes of the speedy trial rule, but upon the facts of the case, such a conclusion was unwarranted. We reverse the order of discharge and remand the case for further proceedings.
442 So.2d at 989, 990.
Following remand, defendant filed another motion for discharge under the speedy trial rule. At the hearing, his attorney argued that this court had misunderstood the trial judge’s reasons for originally ordering the defendant’s discharge. The *265 judge agreed and entered a new order of discharge which stated:
This Court having heard arguments of counsels and having once again reviewed the facts of record, it is the finding of this Court that the Defendant was arrested for the homicide on June 29, 1982, and said finding is based upon all the testimony and evidence of record including but not limited to the uncontroverted testimony of the Defendant that the police told him that he was under arrest for the homicide at his girlfriend’s house, the uncontroverted evidence that he was handcuffed at his girlfriend’s house and seized, and the detention of the Defendant at the police station in handcuffs for a period of time regarding the homicide investigation.
The state argues that the judge had no authority to enter a new order upon a point already decided by this court in a prior appeal. We agree. The same question was presented in Rinker Materials Corp. v. Holloway Materials Corp., 175 So.2d 564, 565 (Fla. 2d DCA), cert. denied, 180 So.2d 657 (Fla.1965), in which we said:
What is involved here is a complete lack of jurisdiction to act. The principle governing has been well stated by the United States Supreme Court in In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414, 416.
“When a case has been once decided by this court on appeal, and remanded to the circuit court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.”
Accord, State ex rel. Mortgage Investment Foundation, Inc. v. Knott, 97 So.2d 265 (Fla.1957).
We need not focus upon whether we interpreted the reasons for the trial judge’s first ruling. The simple fact is that following our decision he had no jurisdiction to rehear the identical issue upon which we had already passed.[1] Therefore, the second order of discharge is hereby stricken.
HOBSON, A.C.J., and OTT, J., concur.

. We have not considered the defendant’s argument that events occurring subsequent to the issuance of our mandate have caused the speedy trial time to run once again because this is a new issue which has not yet been presented to the trial judge.