## STATE OF FLORIDA v ROSE

### Case No. 86-5692 E (County Court Case No. 44108 NJ)

Thirteenth Judicial Circuit, Hillsborough County

November 30, 1987

## APPEARANCES OF COUNSEL

**Jim Barton,** Assistant State Attorney, for appellant.

**Ralph B. Fisher,** for appellee.

## OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

On November 9, 1985, Defendant Appellee, Michael J. Rose (hereafter the defendant) was involved in a motor vehicle accident. He was somewhat injured and was required by the police to go to a hospital for the taking of a blood sample. He was transported to the hospital by the police. He did not go to the hospital involuntarily. He was required to remain at the hospital for three to four hours, and was not allowed to leave the hospital during that time. After blood samples were taken he was informed he would be taken to the police station. The defendant was then transported to the central breath testing unit (hereafter

CBT) at the county jail. At CBT he was given a breathalyzer test which showed a .03 blood alcohol level. After this test he was transported to his home by the police, without having been formally charged or arrested for any criminal offense.

When the blood samples were finally analyzed, they indicated the defendant had had a blood alcohol level of .11. As a result of this, the defendant was formally charged with driving under the influence of alcoholic beverages (hereafter DUI). These charges were filed February 14, 1986 (more than 90 days from the date of the accident).

The defendant filed a motion for discharge pursuant to Rule 3.191, Fla. R. Crim. Proc. The trial court found that the defendant had been "taken into custody" within the meaning of the Speedy Trial Rule on November 9, 1985 Accordingly, the motion was granted. The Plaintiff-Appellant, State of Florida (hereafter the State) now appeals and argues that on November 9, 1985, the defendant had not been "taken into custody" within the meaning of Rule 3.191. That rule provides in pertinent part: "The time periods established by this section shall commence when such person is taken into custody as defined under section (a)(4)." Section (a)(4) provides in pertinent part that "a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, . . ."

The law is clear that there must be more than a mere investigatory detention for there to be a "taking into custody" under the Speedy Trial Rule. *State v Christian* 442 So.2d 988 (Fla. 2d DCA 1983). In *Christian* a suspect had been handcuffed and transported to a police station where he was then read his *Miranda* rights. The suspect was not free to leave the interview room and was released only when the police officers in charge decided to do so. The suspect was ultimately charged several months after his detention, and sought discharge under the Speedy Trial Rule. The *Christian* court found that his detention did not amount to being "taken into custody" for purposes of the Speedy Trial Rule. The court reasoned that to begin the running of the Speedy Trial Rule time clock upon an investigatory detention would force formal arrests with insufficient evidence, thus discouraging thorough investigation.

Similarly in *State v Robbins,* 359 So.2d 39 (Fla. 2d DCA 1978) where a suspect had been detained by police, handcuffed, taken to a hospital for treatment, interrogated, and later released, without being informed he was under arrest, such investigatory detention was found not to have commenced the running of the Speedy Trial time period.

**113**

The Defendant herein, as the suspects in *Christian* and *Robbins* was merely the subject of a proper police investigation. His detention cannot be said to have amounted to an arrest within the meaning of the Speedy Trial Rule. Accordingly, the Trial Court's Order granted the Motion for Discharge is hereby REVERSED and this matter is REMANDED for further proceeding.

DECIDED this 30th day of November, 1987.