665 So.2d 312 (1995)
David L. LAIL, Petitioner,
v.
Honorable Isaac ANDERSON, Jr., Judge of the Circuit Court, Twentieth Judicial Circuit, Lee County, Florida, Respondent.
No. 95-01989.
District Court of Appeal of Florida, Second District.
December 15, 1995.
Douglas M. Midgley, Public Defender and Gary H. Bass, Assistant Public Defender, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly D. Nolen, Assistant Attorney General, for Respondent.
PER CURIAM.
David L. Lail files this petition for writ of prohibition which questions the propriety of the trial court's granting of the state's motion to strike his notice of expiration of speedy trial and motion for discharge.
*313 Because the hearing on his motion for discharge was interrupted before its conclusion, and because no ruling was ever made on it, prohibition appears to be an inappropriate vehicle for review as the trial court is not without jurisdiction. Sherrod v. Franza, 427 So.2d 161 (Fla. 1983). (Prohibition is the appropriate remedy where an accused has been denied his right to a speedy trial and his motion for discharge has been denied.) Instead we treat it as a petition for writ of certiorari, and quash the order striking his notice and motion.
Florida Rule of Criminal Procedure 3.191(h) permits the striking of a notice of expiration if premature. The trial court, however, struck the notice and the motion for discharge because it ruled the motion had not been sufficiently specific to apprise the state of appellant's theory why he was entitled to discharge. We know of no requirement that a motion for discharge telegraph its theory, and less harsh means of achieving the end sought by the trial court could have been employed by continuing the hearing for a day after the appellant's theory became evident.
The state claims that there is a factual dispute about the date of arrest, and that we are bound by the trial court's determination of facts on review of an order following a motion for discharge, citing McKinney v. Yawn, 625 So.2d 885 (Fla. 1st DCA 1993). But the court below made no such finding, as it struck the motion before the parties were given an opportunity to present evidence regarding the date of arrest. The failure of the court to proceed on a facially sufficient motion to discharge constitutes a departure from the essential requirements of law.
Accordingly, we grant certiorari, quash the order striking Lail's notice of expiration of speedy trial and motion for discharge, with directions to hear evidence and argument the parties present on the motion.
DANAHY, A.C.J., and CAMPBELL and FULMER, JJ., concur.