687 So.2d 873 (1997)
STATE of Florida, Appellant,
v.
David L. LAIL, Appellee.
No. 96-00763.
District Court of Appeal of Florida, Second District.
January 22, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Michael J.P. Baker, Assistant Public Defender, Bartow, for Appellee.
THREADGILL, Chief Judge.
The state challenges an order discharging the appellee, David L. Lail, from sexual battery charges filed against him. The trial court entered the order on Lail's motion for discharge, finding that the state violated the speedy trial rule. The state contends this was error. We agree and reverse.
In the early morning hours of January 10, 1994, the Fort Myers Police Department received a complaint that Lail had allegedly committed a sexual battery on his stepdaughter. Two officers were sent to Lail's home to investigate. When the officers knocked on Lail's apartment door, Lail answered it and willingly let them in. Once inside, the officers informed Lail that they were there to investigate the aforementioned complaint. After discussing the matter with him for approximately twenty minutes, the officers asked Lail if he would "voluntarily" accompany them to the police station "to further the investigation of the sexual battery." He agreed, the officers read him his rights, and took him to the station.
*874 Once at the police station, Lail was placed in a holding cell by the investigating officer, while the officer went to the hospital to obtain more information from the victim. Two hours later, a detective from the sex crimes division was instructed to interview Lail. Upon confirming Lail's willingness to talk and after having him execute a Miranda[1] rights waiver form, the detective interviewed Lail for approximately one and one-half hours.
During the interview, the detective asked Lail several times if he would be willing to submit to a body search. Each time Lail readily agreed. For that reason, Lail remained at the police station after the conclusion of his interview, while arrangements were made for the body search. During his ensuing two-hour wait, Lail walked around unrestrained and unsupervised, drank coffee, and occasionally, still while unattended, used the restroom designated for division personnel only. Once blood and hair samples were taken, Lail was released because the detective felt there was insufficient evidence to arrest him. At the time of his release, Lail had spent seven hours at the police station.
Approximately fifteen months later, on April 3, 1995, Lail was arrested on a warrant and formally charged with the sexual battery of his stepdaughter for the acts which allegedly occurred on January 10, 1994. Thereafter, pursuant to Florida Rule of Criminal Procedure 3.191, Lail filed a notice of expiration of the time for speedy trial, contending that over 175 days had elapsed since his arrest, without a trial. When more than fifteen days elapsed without a trial from the date on which the notice was filed, Lail filed a motion for discharge.
The trial court ultimately struck both the notice of expiration and the motion for discharge. Lail then filed a petition for writ of prohibition in this court, which we treated as a petition for writ of certiorari. See Lail v. Anderson, 665 So.2d 312 (Fla. 2d DCA 1995). In granting certiorari in that instance, we quashed the "order striking Lail's notice of speedy trial and motion for discharge, with directions to hear evidence and argument ... on the motion." Id. at 313.
Consistent with this court's mandate, the trial court conducted an evidentiary hearing on Lail's motion for discharge. The primary issue at the hearing was whether the time for speedy trial began to run on January 10, 1994, the date on which Lail was initially questioned by the police, or on April 3, 1995, the date of Lail's formal arrest. After hearing the testimony of the investigating officer and the detective who interviewed Lail, as well as the arguments of counsel, the trial court determined that Lail was under arrest for speedy trial purposes on January 10, 1994. Since Lail was not brought to trial within 175 days of that date, the trial court entered an order discharging him, based upon the state's violation of the speedy trial rule. The state filed a timely notice of this appeal.
Florida Rule of Criminal Procedure 3.191 provides that a defendant must be taken into state custody to trigger the running of the time for speedy trial. See State v. Andrews, 376 So.2d 9 (Fla.1979). Though custody for speedy trial purposes does not necessarily mean that a defendant must be formally arrested, it does mean something more than an investigatory detention. See State v. Christian, 442 So.2d 988 (Fla. 2d DCA 1983). See also Covello v. State, 455 So.2d 1321 (Fla. 3d DCA 1984). Custody for Fourth Amendment purposes, however, does not constitute custody for speedy trial purposes. See Griffin v. State, 474 So.2d 777 (Fla.1985), cert. denied, 474 U.S. 1094, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986). See also State ex rel. Dean v. Booth, 349 So.2d 806 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 129 (Fla.1978).
In this case, Lail was not formally arrested on January 10, 1994. While the record shows that the officers herein intended to question him, there is no showing that they intended to arrest him, that they told him he was under arrest, or that he otherwise understood he was under arrest. See Melton v. State, 75 So.2d 291 (Fla. 1954)(which sets forth the elements of an arrest). See also State v. Naughton, 395 *875 So.2d 581 (Fla. 5th DCA 1981). Further, a booking report was not completed, nor were booking photos or fingerprints taken. We must therefore determine whether something more than an investigatory detention took place on January 10, 1994, to trigger the running of the time for speedy trial.
In State v. Christian, this court reversed the discharge of the defendant from seconddegree murder charges. There, the trial court had "reasoned that the involuntary custodial interrogation by the police at the station was equivalent to an arrest which began the running of the speedy trial time." Id., 442 So.2d at 989. We disagreed, concluding that
[t]o accept this premise would mean that any time the police detained a person for questioning about a crime without his consent the speedy trial time for that crime would begin to run. This rationale would have the effect of encouraging the police to make formal arrests when they might not have sufficient evidence to do so.
Id. at 989-90. See also State ex rel. Dean, 349 So.2d at 807.
Here, the trial court concluded that Lail was under arrest for speedy trial purposes on January 10, 1994, because he was placed inside of a holding cell, handcuffed, and because the box marked "post-arrest" was checked on his Miranda rights waiver form. The fact that a defendant has been handcuffed, howeveror, as in this case, temporarily placed in a holding cellgoes to the involuntary nature of a detention and the entitlement to Miranda warnings. State v. Christian, 442 So.2d at 990. It does "not convert [a] detention for questioning into an arrest." Id. Nor does the signing of a form, which indicates that one has been arrested, conclusively determine the question of arrest for speedy trial purposes. See State v. Naughton, 395 So.2d at 583.
The record in this instance shows, without contradiction, that Lail was placed in a holding cell for a short period of time out of momentary expedience. It also shows, again without contradiction, that the detective who interviewed Lail and who checked the "postarrest" box on the Miranda rights waiver form, did so inadvertently. The record is devoid of evidence, however, that Lail was ever handcuffed at any time during this encounter. Furthermore, this case did not involve an involuntary custodial police interrogation. Rather, it involved a situation where a suspect, who was specifically named by a victim, voluntarily cooperated with law enforcement without question or protest at any time.
Based on the foregoing, we conclude that, pursuant to State v. Christian, nothing more than an investigatory detention occurred on January 10, 1994. Thus, the running of the speedy trial time was not triggered on that date. We therefore reverse the order granting Lail's motion for discharge and remand this cause for further proceedings.
Reversed and remanded.
CAMPBELL and LAZZARA, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct., 1602, 16 L.Ed.2d 694 (1966).