PETERSON, J., Associate Judge.
The State of Florida appeals an order discharging Janice Hurley because her right to a speedy trial was violated. We affirm.
On December 22, 1997, Hurley was approached at work by a police detective and uniformed police officers who told her that she was being arrested for forging checks and embezzling money from her employer. The officers confiscated her purse, placed her in the back of a police car after handcuffing her, and drove her to the police station where she was placed in a holding cell for 45 minutes to an hour before she was interrogated.
During the one and one-half hour audio-taped interrogatories, she was again informed that she was being arrested and asked if she would like her daughter to take her personal belongings. At the end of the interrogation, Hurley was released without being fingerprinted or booked.
More than a year later, on July 2, 1999, the State filed an information against Hurley charging her with the same grand theft charge for which she was taken into custody on December 22, 1997. She filed a motion for discharge which was granted by the trial court.
The State argues that Hurley was not arrested on December 22, 1997, but was simply subjected to an involuntary custodial interrogation citing, State v. Lail, 687 So.2d 873 (Fla. 2d DCA 1997); State v. Christian, 442 So.2d 988 (Fla. 2d DCA 1983); and Snead v. State, 346 So.2d 546 (Fla. 1st DCA 1976). We find those cases to have involved involuntary custodial interrogatories with no statements that the defendants were being arrested; therefore, they are inapplicable. In the instant case, Hurley was told from the onset that she was being arrested and the police officers’ actions were consistent with their announcement. The officers’ actions were also consistent with the definition of arrest found in Melton v. State, 75 So.2d 291, 294 (Fla.1954):
When used in this sense, an arrest involves the following elements: (1) A purpose or intention to effect an arrest under a real or pretended authority; (2) An actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested; (3) A communication by the arresting officer to the person whose arrest is sought, of an intention or purpose then and there to effect an arrest; and (4) An understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him.
The facts surrounding Hurley’s detention meet the supreme court’s definition of an arrest and the trial court properly found that she was arrested on December 22, 1997. Speedy trial calculation begins on the date of the original arrest. See Williams v. State, 757 So.2d 597, 598 (Fla. 5th DCA 2000). Accordingly, she was properly discharged since the time between the 1997 arrest and the 1999 information clearly exceeded the 175 days prescribed by Florida Rules of Criminal Procedure 3.191(a).
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.