925 So.2d 1135 (2006)
Joseph BARSTAD, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-647.
District Court of Appeal of Florida, Fifth District.
April 21, 2006.
Joseph Barstad, Panama City, pro se.
No Appearance for Respondent.
SHARP, W., J.
Barstad, an inmate in state prison in Bay County, seeks a writ of prohibition on speedy trial grounds. He alleges that the Lake County Sheriff's Office filed a detainer to hold him on August 22, 2005. On September 16, 2005, he filed a demand for speedy trial, pursuant to Florida Rule of Criminal Procedure 3.191(b), apparently in Lake County, relating to the Lake County charges.[1] The day after the speedy trial time expired, he filed a notice of expiration, but the circuit court has taken no action in his case.
Prohibition is an extraordinary remedy and may not be granted unless the appropriate circumstances are established. Barstad does not allege that he filed a motion for discharge, pursuant to Florida Rule of Criminal Procedure 3.191(p)(3). That rule indicates that a defendant who has not been brought to trial within the 15 day recapture period shall be discharged from the crime, on motion of the defendant or the court.
*1136 This court cannot review by prohibition the speedy trial issue until the trial court has denied a motion for discharge. That order should be included in an appendix attached to the petition. See Sherrod v. Franza, 427 So.2d 161 (Fla.1983); Lail v. Anderson, 665 So.2d 312 (Fla. 2d DCA 1995). Accordingly, we deny the petition for prohibition without prejudice to Barstad to file a motion for discharge in the circuit court.
Petition for Writ of Prohibition DENIED.
MONACO, J., concurs.
LAWSON, J., concurs specially with opinion.
LAWSON, J., concurring specially.
I write separately simply to point out that it does not appear from his allegations that Barstad is entitled to relief in the trial court either. Barstad claims to have filed his demand for speedy trial after a detainer was "placed against" him. However, the lodging of a detainer does not trigger running of the "speedy trial" time limitations set forth in Florida Rule of Criminal Procedure 3.191. Edwards v. Allen, 603 So.2d 514 (Fla. 2d DCA), review denied, 613 So.2d 3 (Fla.1992).
NOTES
[1] Barstad's allegations are sketchy and he did not include an appendix.