PER CURIAM.
 

 Jeffrey Mumani petitions this Court for a writ of prohibition, alleging a violation of his right to a speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(b)(4). We agree that the facts of this case mandate discharging Mumani of the criminal charge in Volusia County Circuit Court Case No. 2009-32213 CFAES.
 

 Mumani was charged in the underlying criminal case with dealing in stolen property. While serving a six-year term of imprisonment stemming out of an unrelated case in Marion County, Mumani filed his demand for speedy trial on July 15, 2010, in the instant matter. Thereafter, on January 11, 2011, he filed his Notice of Expiration of Speedy trial. The court subsequently entered an order, determining that Mumani was not entitled to invoke speedy trial because he had not yet been arrested for the offense. The trial court misapplied
 
 *924
 
 this Court’s case,
 
 State v. Hurley,
 
 760 So.2d 1127 (Fla. 4th DCA 2000), to support its determination.
 

 At issue in
 
 Hurley
 
 was rule 3.191(a) (Speedy Trial without Demand), which provides that the time periods under the speedy trial rule commence upon the person being “arrested” if the crime charged is a felony. That rule is inapplicable here because Mumani filed a “Demand for Speedy Trial” pursuant to rule 3.191(b) (Speedy Trial upon Demand). Under subsection (b), the action that starts the time limit to bring the matter to trial is the filing of a written demand, rather than the arrest.
 
 See Thomas v. State,
 
 46 So.3d 116, 117 (Fla. 1st DCA 2010);
 
 Brown v. State,
 
 798 So.2d 773, 774 (Fla. 2d DCA 2001).
 

 Accordingly, we grant the petition and direct that the circuit court enter an order discharging Mumani from the pending charge[s] in Volusia County case number 2009-32213 CFAES.
 

 PETITION GRANTED.
 

 ORFINGER, COHEN and JACOBUS, JJ. concur.