SMITH, Judge.
Appealing from his conviction of robbery, Woods asserts among other points that it was error for the circuit court to have tried him upon a robbery indictment as an adult because he had been in custody as a juvenile under ch. 39, F.S.1973, for more than 14 days prior to the indictment. Juvenile jurisdiction having not otherwise been waived or divested, appellant urges that § 39.02(5) (c), F.S.1973, requires that he be dealt with as a juvenile notwithstanding the subsequent indictment for a life felony. This point appears not to have been previously decided.
Section 39.02(5) specifies the occasions and procedures for waiver or divesting of juvenile jurisdiction over a child. One of those occasions is the indictment of the child for an offense punishable by death or life imprisonment. While subsection (c) provides with certain exceptions that no adjudicatory hearing be held until 14 days after a child has been taken into juvenile custody for such an offense, and that the court may then proceed as otherwise required by law, the statute evidences no purpose to disable a grand jury thereafter to indict the child, thereby divesting the court of juvenile jurisdiction.
We have considered appellant’s other points. There was no reversible error.
Affirmed.
BOYER, C. J., and MILLS, J., concur.