360 So.2d 162 (1978)
STATE of Florida, Appellant,
v.
N.B., a Child, and G.O., a Child, Appellees.
No. II-255.
District Court of Appeal of Florida, First District.
July 10, 1978.
*163 Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellant.
Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellees.
ERVIN, Judge.
The lower court entered an order quashing several indictments returned against appellees on the grounds that appellees were juveniles, had not been certified as adults, and that speedy trial time had expired prior to the return of the indictments. The state appeals. We reverse.
*164 Both appellees, prior to the dates of their alleged offenses, had previously been certified as adults and were incarcerated at the Lake Butler Reception and Medical Center. An incident report was received by the assistant investigator for the Center which alleged that appellees had committed a sexual battery upon a fellow inmate on August 22, 1976. Both appellees were questioned on August 24 concerning the offense, advised of their Miranda rights and returned to custody. On November 16, 1976, an information was filed alleging that appellees had committed a sexual battery through the use of a deadly weapon or with actual physical force likely to cause serious personal injury upon another inmate. Appellees were arraigned February 7, 1977, at which time they entered pleas of not guilty. On May 20, 1977, they filed a motion to dismiss alleging that the circuit court was without jurisdiction since they were under the age of 18 at the time of the alleged offense. Before the court acted on the motion, on May 23, 1977, the grand jury returned six indictments against appellees charging them with committing sexual battery with force likely to cause serious personal injury upon the same victim on six different dates. A motion to dismiss alleged that none of the procedural requirements of the juvenile rules or statutes had been followed prior to the return of the indictments in that no juvenile intake was done, no petition of delinquency was filed, and no waiver hearing or trial was held. The lower court assented and dismissed the indictments.
We disagree with the lower court. Appellees, previously convicted as adults, were not entitled to the procedural safeguards of Chapter 39 or the Juvenile Rules of Procedure prior to their indictments as adults for the six alleged life felonies. Section 39.02(5)(c), Florida Statutes (1977), imposes no conditions to certification of a child to the adult division of the court when an indictment charging the child with a violation of law punishable by death or by life imprisonment is returned by the grand jury. The statute is clear that when such an event occurs, the juvenile division is divested of jurisdiction "and the child shall be handled in every respect as if he were an adult." Cf. A.D.T. v. State, 318 So.2d 478 (Fla. 1st DCA 1975); Woods v. State, 323 So.2d 609 (Fla. 1st DCA 1975). If, however, the child is not indicted for a capital or life felony, the juvenile division shall exercise jurisdiction over the child until he has been appropriately certified to the adult division. E.H.N. v. Willis, 350 So.2d 829 (Fla. 1st DCA 1977).
The fact that more than 90 days[1] had expired from the date appellees were taken into custody for the offenses charged prior to the return of the indictments did not preclude the adult division from exercising jurisdiction. The speedy trial limitations imposed by Rule 8.180 have no application to appellees. They had previously been certified and convicted as adults. Fla. R.Juv.P. 8.010, relating to the scope and purpose of the rules, provides that the rules "shall govern the procedures in the Circuit Court in the exercise of its jurisdiction over children alleged to be ... adjudicated delinquent, dependent or ungovernable... ." The state did not elect to file a petition for delinquency against appellees. It properly chose to indict them without utilizing the procedures of either Chapter 39 or the juvenile rules. It is rather Fla.R. Crim.P. 3.191(b)(1) which governs the situation here. Subsection (b)(1) unequivocally provides that persons within a penal institution, as are appellees, who are charged by indictment or information, shall without demand be brought to trial within two years if the crime charged is a non-capital felony involving violence. Compare State v. Benton, *165 337 So.2d 797 (Fla. 1976), in which the supreme court held that after a juvenile had been certified as an adult, the state must be prepared to try the juvenile within 180 days from the date he is taken into custody, noting that once the state elected to try the juvenile as an adult, it owed him adult procedural safeguards.
Subsection (b)(1) of the rule also provides that speedy trial time shall commence when the person is taken into custody as a result of the conduct or when the charge is filed, whichever is earlier. We agree with the trial court that appellees were taken into custody on August 24, 1976, when they were advised of their Miranda rights, questioned about the incidents, and advised that charges would probably be filed, although they were not then formally arrested. We consider this case is controlled by Deloach v. State, 338 So.2d 1141 (Fla. 1st DCA 1976), where we held that a defendant was taken into custody for speedy trial purposes at a hospital and, although not placed in actual custody, was informed he was under arrest and subject to the officer's directions. While Snead v. State, 346 So.2d 546 (Fla. 1st DCA 1976), and State ex rel. Dean v. Booth, 349 So.2d 806 (Fla. 2d DCA 1977), both held that defendants were not in custody following questioning after having been given their Miranda rights, both cases are distinguishable from the present in that the defendants involved in those cases were allowed to leave without being placed under formal arrest. We therefore hold that the two year speedy trial period provided by subsection (b)(1) applied and began to run from August 24, 1976.
The court's order discharging defendants and quashing the indictments is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
MILLS, Acting C.J., and MELVIN, J., concur.
NOTES
[1] Fla.R.Juv.P. 8.180 provides in part:

(a) Every case in which a petition has been filed alleging a child to be delinquent, ungovernable or dependent shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the complaint is filed with the intake officer as provided by statute.
(2) The date the child was taken into custody.
(3) The date the petition was filed.