SHARP, Judge.
The appellant, James Chris Bannister, was convicted of unlawful possession of cocaine after entering a nolo contendere plea reserving his right to appeal the trial court’s denial of his Motion for Discharge under Rule 3.191, Florida Rules of Criminal Procedure. For the reasons stated herein we affirm the conviction.
The appellant received a telephone call on February 16, 1978 from Officer Fleecy of the Federal Drug Enforcement Administration. Officer Fleecy told Bannister he was going to have to arrest him because of an alleged illegal sale of cocaine on January 24, 1978, to a federal undercover agent. He asked Bannister to meet him at the New Smyrna Beach police station. Before Bannister could leave, Larry Westfall, a police officer employed by the City of Edgewater, came to Bannister’s home, advised him of his Miranda rights, and placed him in his patrol car. Westfall was acting at the request of Detective Coates of the New Smyrna Beach Police Department, who in turn was accommodating Officer Fleecy. The federal agents and Detective Coates arrived at Bannister’s home within a few minutes, and they transported him to the New Smyrna Beach Police Station. The federal agents questioned Bannister over a period of several hours. He was detained at the station, although he was not formally placed under arrest, put in a cell, fingerprinted or booked. Bannister thought he had been arrested. Officer Fleecy finally released him “on his own recognizance.”
The state arrested Bannister in September of 1978, on a warrant based on the January 24, 1978 episode. On November 2, 1978 the state filed a two count Informa *78 tion against Bannister charging illegal possession, and delivery and sale of cocaine on January 24, 1978. The appellant filed his Motion for Discharge on January 15, 1979. Rule 3.191(a)(1), Florida Rules of Criminal Procedure, provides that a person charged with a felony must be brought to speedy trial, when no demand is made, within 180 days after the person “is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.” The issue in this case is when the 180 days began to run. If it began in February 1978, the time had run; if it began in September 1978, the time had not run.
A formal arrest, complete with fingerprinting and formal charges, is not required to start the time running under Rule 3.191(a)(1). Deloach v. State, 338 So.2d 1141 (Fla. 1st DCA 1976); State v. NB, 360 So.2d 162 (Fla. 1st DCA 1978), cert, denied 365 So.2d 713 (Fla.1978). However Bannister’s February 1978 arrest and detention were instigated and accomplished by federal arresting authorities, pursuant to their investigation of an incident revealed to them by their own undercover agent. The city police officers merely assisted the federal agents in locating the appellant, at the request of the federal agents. Further, there is no basis to conclude that the state’s subsequent arrest of Bannister in September of 1978 was not independent of the earlier federal investigation. Therefore the appellant was taken into state custody commencing the speedy trial time in September, rather than February, of 1978. State v. Andrews, 376 So.2d 9 (Fla.1979).
AFFIRMED.
COBB, J., concurs.
DAUKSCH, C. J., concurs specially with opinion.