PER CURIAM.
Johnson appeals the trial court’s order denying his motion for discharge for violation of the speedy trial rule. We reverse.
On September 19, 1979, Johnson, a former manager of an Eagle Discount Store, was called by Officer Meeks concerning a missing bank deposit from the Eagle Discount Store. Meeks told Johnson if he did not come in for questioning an arrest warrant would be issued. Johnson went to the police station, was advised of his Miranda rights, and questioned. Meeks told Johnson they would be there all night until the matter was resolved. Johnson subsequently confessed.
After the confession, Meeks called an assistant state attorney who recommended Johnson be put in the pretrial intervention program pursuant to Section 944.025, Florida Statutes (1979). Johnson was informed to get an attorney and get in touch with the state attorney’s office the next week. He was then allowed to leave the police station. Although Johnson was not fingerprinted or put in a cell, the police records indicated that his case was “cleared by arrest.”
Johnson never entered the pretrial intervention program; therefore, charges were filed against him on February 8, 1980. On June 11, 1980, Johnson filed his motion for discharge since more than 180 days had passed since his initial detention on September 19, 1979. The trial court held that there was no question that appellant was in custody on September 19, 1981, but it denied the motion for discharge since Johnson was not fingerprinted and was allowed to leave without being formally arrested.
Florida Rule of Criminal Procedure 3.191 states that the speedy trial time commences when a defendant is “taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.” In this case, we hold that Johnson was taken into custody for speedy trial purposes when he was questioned at the police station. He appeared at the police station for questioning after being told that an arrest warrant *153 would be issued if he did not show up. Use of formal words of arrest are not essential to start the speedy trial clock running. See State v. N. B., 360 So.2d 162 (Fla. 1st DCA 1978), cert. den. 383 So.2d 1199 (Fla.1980). Johnson was sufficiently subject to Officer Meeks’ authority and directions to commence the speedy trial period. Deloach v. State, 338 So.2d 1141 (Fla. 1st DCA 1976); Wiggins v. State, 384 So.2d 43 (Fla. 1st DCA 1980). The officer’s authority was exercised over Johnson when he was told to report to the police station for questioning or be subject to arrest and when Johnson was told to report to the pretrial intervention program.
Additionally we note that the pretrial intervention program is available only to those first offenders charged with a misdemeanor or third degree felony. Section 944.025(2), Florida Statutes (1979). It is therefore obvious that Johnson had to be taken into custody and charged prior to his referral to the pretrial intervention program. The State was therefore subject to the 180-day rule which commenced September 19, 1979.
Accordingly, the trial court’s order is reversed and the defendant is discharged.
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.