436 So.2d 416 (1983)
Charles LYNN and Bobby Moore, Appellants,
v.
STATE of Florida, Appellee.
Nos. AM-494, AN-187.
District Court of Appeal of Florida, First District.
August 23, 1983.
Michael Allen, Public Defender, Terry P. Lewis, Sp. Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., Gregory C. Smith, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Administrative confinement is not an arrest under the speedy trial rule and, therefore, it does not start speedy trial time. Powers v. State, 422 So.2d 981 (Fla. 1st DCA 1982).
The trial court properly denied the motion for discharge filed by Lynn and Moore because speedy trial time had not expired.
AFFIRMED.
LARRY G. SMITH, J., concurs.
ERVIN, C.J., specially concurs with opinion.
ERVIN, Chief Judge, specially concurring.
Although I concur in the affirmance, I do not agree with the majority's broad statement that "administrative confinement is not an arrest under the speedy trial rule, and therefore, it does not start speedy trial time." Ante at 416. The majority relies upon Powers v. State, 422 So.2d 981 (Fla. 1st DCA 1982), for its position. The Powers opinion, however, was careful to say that "the evidence [did] not show an arrest as of the date of administrative confinement for purposes of commencing the 180-day speedy trial time... ." 422 So.2d at 982 (e.s.). This rather cryptic statement does not enlighten us as to the circumstances involving the administrative confinement. As an appellate court is permitted to take judicial notice of its own records, Irvin v. Chapman, 75 So.2d 591 (Fla. 1954); Foxworth v. Wainwright, 167 So.2d 868 (Fla. 1964), I examined the record that was before the court in *417 Powers and discovered that the appellants' confinement may have been motivated by reasons other than the offenses which eventually gave rise to the charges filed. I found that a racial disturbance had occurred at the institution, following which the defendants were placed in administrative confinement. The evidence in the instant case also reflects that a riot occurred at the prison, resulting in appellants' immediate confinement in maximum security.
If the record before us had disclosed only that the administrative confinement was solely the result of the conduct which gave rise to the charges later filed, I would have no difficulty in agreeing with appellants' contention that speedy trial time is triggered once the inmate is placed in administrative confinement. For example, in State v. N.B., 360 So.2d 162 (Fla. 1st DCA 1978), we held that two prison inmates were taken into custody for purposes of the speedy trial rule, when they were advised of their Miranda rights, questioned about the incident, and informed that charges would probably be filed, although they were not then formally arrested.
My belief that administrative confinement may, under such circumstances, commence the running of speedy trial time is further bolstered by the provisions of Florida Rule of Criminal Procedure 3.191(a)(1), which, as amended effective January, 1981, and fully applicable to the facts before us, states that a person charged with a crime is entitled to a speedy trial under the rule whether such person is in custody either in jail or a correctional institution of this state, or is at liberty on bail or on recognizance. And, for the purposes of the rule, a person is taken into custody "when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, ..." Fla.R.Crim.P. 3.191(a)(4)(i)(e.s.). Moreover, no formal words of arrest are necessary to commence the running of the speedy trial clock. Johnson v. State, 409 So.2d 152 (Fla. 1st DCA 1982). The requirements of the rule are satisfied once the defendant is sufficiently subject to an officer's direction, notwithstanding the failure of any charges to be then filed. Id.
I therefore consider it more accurate to say that administrative confinement does not constitute an arrest under the speedy trial rule, if the record does not clearly disclose that the confinement was solely the result of the conduct which later gave rise to the charges filed. Because the record now on review does not so demonstrate, I concur in the result reached.