SHIVERS, Judge.
The State appeals the order of the trial court granting Miller’s motion for discharge under the speedy trial rule, Fla.R.Crim.P. 3.191. Appellant argues that the speedy trial time period did not begin to run merely because appellee, who was already in custody due to an unrelated offense, was given Miranda warnings and questioned about the alleged crime. We agree, reverse and remand.
Miller was arrested during a burglary in process at the home of Mrs. Odham on March 25, 1983. A search of appellee’s vehicle on March 31, 1983, uncovered several articles of jewelry. Subsequent investigation revealed that some of the articles of jewelry found in appellee’s car were the property of Mr. and Mrs. Willoughby, who were the alleged victims of a burglary which occurred February 23, 1982.
On April 12,1982, while appellee was still in jail on the Odham charge, Investigator Revell had appellee brought to an interrogation facility at the Leon County Jail. After advising appellee of his constitutional rights and securing a written waiver of Miranda rights, Revell questioned appellee about the Willoughby burglary. On July 1, 1982, Investigator Revell signed a complaint against appellee, who was still in jail on the Odham burglary charge, for grand theft of the Willoughby property. An information charging grand theft in the Willoughby case was filed July 2, 1982.
On December 28, 1982, the trial court granted appellee’s motion for discharge based on the speedy trial rule. The court found that the speedy trial time on the Willoughby offense began to run on April 12,1982, the date appellee was given Miranda warnings and questioned about the Wil- *735 loughby burglary. The trial court acknowledged that speedy trial time would not begin to run on April 12, 1982, under the holdings of State v. Breedlove, 400 So.2d 468 (Fla. 4th DCA 1981) and Giglio v. Kaplan, 392 So.2d 1004 (Fla. 4th DCA 1981). The trial court felt, however, that the decision it reached was mandated by the decisions of this court in Johnson v. State, 409 So.2d 152 (Fla. 1st DCA), rev. denied, 417 So.2d 331 (Fla.1982); Wiggins v. State, 384 So.2d 43 (Fla. 1st DCA 1980); and State v. N.B., 360 So.2d 162 (Fla. 1st DCA 1978), cert. denied, 383 So.2d 1199 (Fla.1980).
The cases of Johnson and Wiggins are not closely analogous to the case at bar. Both Johnson and Wiggins involved situations where the defendant was not already in custody on an unrelated charge at the time he was questioned about the relevant charge. Although the facts of State v. N.B. are somewhat analogous to the situation sub judice, that case was decided prior to the 1980 amendment to the speedy trial rule.
Under the old rule, the time period commenced when a person was “taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.” As amended in 1980, the time period commences when a person is “taken into custody as defined under (a)(4).” Fla. R.Crim.P. 3.191(a)(4) states:
(a)(4). Custody. For purposes of this Rule, a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, or (ii) when the person is served with a notice to appear in lieu of physical arrest.
In the instant case, appellee was not arrested on April 12, 1982, but was merely given Miranda warnings and interrogated. This does not commence the speedy trial time period under the new rule. See Powers v. State, 422 So.2d 981 (Fla. 1st DCA 1982).
Accordingly, the order of the trial court is REVERSED, and this cause is REMANDED for further proceedings.
ROBERT P. SMITH, Jr. and NIMMONS, JJ., concur.