448 So.2d 1135 (1984)
The STATE of Florida, Appellant,
v.
Waldo TOYOS, Appellee.
No. 81-17.
District Court of Appeal of Florida, Third District.
April 10, 1984.
Rehearing Denied May 14, 1984.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellant.
Sams, Gerstein & Ward and Paul M. Rashkind, Miami, for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
PER CURIAM.
The state appeals an order discharging defendant pursuant to the speedy trial rule, Florida Rule of Criminal Procedure 3.191 (1980). We agree that under no view of the facts herein can the order be sustained.[1] The salient events are that:
*1136 1. On March 28, 1980, defendant was arrested and the applicable 180-day speedy trial period commenced to run.
2. On June 2, 1980, defendant's counsel was "down the hall" when the case was called for trial. Counsel for a co-defendant, purporting to speak for all the defendants, moved for a continuance. The court charged the continuance to all defendants.
3. Defendant's counsel thereafter failed to immediately inform the court that he opposed the co-defendant's motion for continuance and that defendant was indeed ready for trial, and he did not move to sever his client's trial from that of the co-defendants.
4. On August 11, 1980, when the case was called for the second time, defendant's counsel (while refusing to waive speedy trial) still did not inform the court that counsel for the co-defendant had been without authority or permission to move for continuance on behalf of defendant.
5. On November 26, 1980, defendant filed a motion for discharge. On that same date, however, he also filed two motions seeking to invoke additional discovery to include the statements of the state's material witnesses.
6. On December 1, 1980, defendant filed a first demand for speedy trial.
The trial court heard the motion for discharge on December 11, 1980, and entered a written order of discharge on December 18, 1980. In reversing the order of discharge, we rely on the following cases, collectively, as authority for our holding that defendant was not continuously available for trial between June 2, 1980, and December 1, 1980. See Turner v. State ex rel. Pellerin, 272 So.2d 129 (Fla. 1973) (where defendant sought further discovery two days after moving for speedy trial, defendant failed to meet requirement that he be prepared for trial at time of filing motion for speedy trial); Gonzalez v. State, 447 So.2d 381 (Fla. 3d DCA 1984) (acquiescence to co-defendant's motion for continuance operates as waiver of speedy trial where counsel is aware of co-defendant's motion, participates in subsequent discovery, and takes no affirmative action to inform the trial court of his desire to go to trial); State v. Exposito, 327 So.2d 836 (Fla. 3d DCA 1976) (where counsel for defendant is "down the hall" when case is called for trial, defendant is not continuously available for trial); State v. Kelley, 322 So.2d 581 (Fla. 1st DCA 1975) (speedy trial waived where defendant's attorney consents to or acquiesces in a continuance of the trial).
Reversed.
NOTES
[1] We previously reversed the order granting discharge by opinion filed October 6, 1981, wherein appellee was not represented by counsel. The Florida Supreme Court found that appellee was denied effective assistance of appellate counsel and directed us to grant a new and expedited appeal. Our opinion was withdrawn from the bound volume of the Southern Reporter. See 404 So.2d 790.