PER CURIAM.
The order discharging the defendant under the speedy trial rule, Fla.R.Crim.P. 3.191 (1984), is reversed because he was not continuously available for trial during the critical 180 day period. Fla.R.Crim.P. 3.191(e). Specifically, the defendant (a) failed to appear at all on a date duly set for his trial,[1] see Rule 3.191(e)(1); State v. Exposito, 327 So.2d 836 (Fla. 3d DCA 1976), and (b) moved for discovery as to a confidential informant, thus indicating his un-readiness under Rule 3.191(e)(2), on the very day of a later trial setting. See State *479 v. Toyos, 448 So.2d 1135 (Fla. 3d DCA 1984), and eases cited.
Reversed.

. At a September 5, 1984 calendar call, Del Rio's three co-defendants successfully moved for a continuance as to them of a September 10 trial date. Del Rio did not concur and stated that he would move for a severance and would be ready on September 10. On that day, neither he nor his counsel was present and no motion for severance had been filed. The trial court thereupon continued Del Rio’s case to the date previously assigned the co-defendants. Compare Miner v. Westlake, 478 So.2d 1066 (Fla.1985).