## STATE OF FLORIDA v WRIGHT

Case No. CTC-87-1590-C

County Court, Volusia County

April 7, 1987

### APPEARANCES OF COUNSEL

**Ben Fox,** Assistant State Attorney, for plaintiff.

**Douglas T. Huie,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the Defendant's Motion to

Suppress and Motion for Dismissal and Discharge under the speedy trial rule.

The defendant is charged with Resisting Arrest without Violence (F.S. 843.02).

The facts as alleged in the defendant's Motion to Suppress are as follows:

"On or about the 25th of November, 1986, Daytona Beach, Florida, police stopped the defendant and searched the defendant for weapons, finding none. Officers intended to fill out a field contact card only. Officer noticed an alleged bulge in the defendant's mouth and, when officer inquired, defendant stated it was the normal shape of his jaw. Defendant then ran. Defendant was not cited for any traffic violation nor was he arrested as evidenced by officers intent to issue a field contact card only."

Rule 3.190(h)(2) requires that:

"Every motion to suppress evidence shall clearly state the *particular evidence* sought to be suppressed, the reasons for suppression and a general statement of the facts on which the motion is based." (underscoring supplied).

The defendant's Motion seeks to suppress "any and all evidence relating to resisting of an officer without violence."

Rule 3.190(h)93) Florida Rules of Criminal Procedure states: "Before hearing evidence, the arrest shall determine if the motion is legally sufficient."

The Court finds that the defendant's Motion to Suppress legally insufficient for its fails to set forth what "particular evidence" sought to be suppressed. From the facts as alleged by the defendant, no objective evidence was seized and no verbal evidence is set out in the facts which the defendant seeks to suppress.

Therefore, the defendant's Motion to Suppress is hereby denied.

The next motion to be taken up is the defendant's Motion for Dismissal and Discharge, under the speedy trial rule.

The defendant alleges he was arrested on November 25, 1986 and December 9, 1986 as a result of the conduct giving rise to the crime charged and that he has been continuously available for trial since the time the information being filed.

The Court finds that the initial encounter between the defendant and the police on November 25, 1986 did not constitute an arrest or being taken into custody as defined by Rule 3.191(a)(4), Florida Rules of

110

Criminal Procedure. As a matter of fact the defendant admits in his Motion to Suppress that he was "not arrested." Furthermore he admits running, thus avoiding arrest.

However, the counter with the police on December 9, 1986 poses an interesting point of law.

When Officer Saunders first stopped the defendant on November 25, 1986 with intention of filling out a "field contact card", the defendant ran, but the officer was unable to pursue the defendant. Upon returning to the police station, Officer Saunders filled out a complaint affidavit (S.A. 751) charging the defendant with resisting arrest without violence (F.S. 843.02) and requested a warrant be issued for his arrest.

Thereafter, Detective Smith of the Daytona Beach Police Department read the complaint affidavit filed by Officer Saunders, but misread it as charging the defendant with resisting arrest with violence, a felony.

Detective Smith knew the defendant as being a drug dealer, and on December 9, 1986 saw the defendant in the 440 Club, a night club in the black neighborhood. Detective Smith, still under the impression that there was a felony charge against the defendant, approached the defendant and "asked" the defendant to come to the station. A patrol car was summoned and the defendant was taken to the police station where he was fingerprinted and photographed.

When Detective Smith determined that the complaint affidavit filed by Officer Saunders charged the defendant with a misdemeanor and that at that point in time no warrant had been issued or notice to appear served on the defendant, Detective Smith, in his words "unarrested" the defendant and told him he was free to go and that immediate warrant procedures would be started.

No warrant was ever issued but on February 5, 1987 an information was filed by the State Attorney's Office and on said date the defendant was noticed by mail to appear for an arraignment on February 19, 1987. The defendant did appear and entered a plea of not guilty. On March 9, 1987, defendant filed his Motion to Discharge under the speedy trial rule.

In the case of *Johnson v. State* (409 So.2d 152) a similar although not an identical statement of facts existed.

In the *Johnson* case (supra) the defendant was called by Officer Weeks concerning a missing bank deposit. Weeks told the defendant if he did not come in for questioning an arrest warrant would be issued. The defendant went to the police station, was advised of his Miranda

warnings and questioned. He was told he would be at the police station all night until the matter was resolved. The defendant subsequently confessed.

The Court said:

"In this case, we hold that Johnson was taken into custody for speedy trial purposes when he was questioned at the police station. He appeared at the police station for questioning after being told that an arrest warrant would be issued if he did not show up. Use of formal words of arrest are not essential to start the speedy clock running." (cases cited)

Although the defendant in this case was not told he would be arrested if he did not go with Detective Saunders to the police station, I hardly believe that he went voluntarily.

In the *Johnson* case, the defendant was not fingerprinted as was done to the defendant in this case as well as being photographed, a procedure customarily done when a person is arrested. Furthermore Detective Saunders' own word of "unarresting" the defendant belies his assertion that the defendant was free to go at anytime.

In *State v. Robbins*, 359 SO.2d 39, the appellate court held that when an accused is stopped and temporarily denied, but is not placed in a cell *or fingerprinted*, and is allowed to leave without being placed under arrest, he has not been placed "in custody" within the meaning of Rule 3.191(a)(1).

In the *Robbins* case, the defendant was handcuffed but was taken to a hospital for humanitarian purposes as he was acting in a bizarre manner. At the hospital he was eventually released without being brought to the police station.

In the case at bar, the defendant was taken to the police station, fingerprinted and photographed.

In *State ex rel Dean v. Booth*, 349 So.2d 806, the defendant was driven to the police station for questioning. He was not placed in a cell, *nor was he fingerprinted*. The relator was allowed to leave without being placed under arrest. The Court held that the defendant was not placed "in custody" within the meaning of Florida Rules of Criminal Procedure 3.191(a)(1). Again, the defendant was not fingerprinted as was done in the case at bar.

The Court finds that when the defendant was questioned at the police station, fingerprinted and photographed, he was to all intents and purposes placed in custody within the provisions of Rule 3.191, Florida Rules of Criminal Procedure.

112

IT IS THEREFORE,

ORDERED AND ADJUDGED that defendant's Motion for Discharge under the speedy trial rule is hereby granted.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 East Orange Avenue, Daytona Beach, Volusia County, Florida, this 7th day of April, 1987.