659 So.2d 396 (1995)
Raymond ADAMS, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 94-00373.
District Court of Appeal of Florida, Second District.
July 19, 1995.
Rehearing Denied August 23, 1995.
*397 James Marion Moorman, Public Defender, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Klawikofsky, Asst. Atty. Gen., Tampa, for appellee.
FULMER, Judge.
The defendant, Raymond Adams, Sr., appeals his convictions for three counts of kidnapping. We affirm two of the convictions but reverse the conviction for the kidnapping of Lowell Johnson, Sr., because, as to that charge, the defendant was entitled to be discharged for violation of the speedy trial rule.
The defendant was charged with three kidnappings which occurred in February 1993. Two of the victims were kidnapped in Pinellas County and taken to Dade County, where the third victim (Johnson) was seized. All three victims were then taken to Pinellas County. The next day, the other two victims were released, and Johnson was taken back to his house in Miami. Pursuant to the provisions of section 910.14, Florida Statutes (1993),[1] the defendant could be tried for these kidnappings in either Dade or Pinellas County.
The defendant was arrested on March 4, 1993, in Dade County. On April 4, 1993, the state attorney in Dade County filed an information charging the defendant with the Johnson kidnapping. On April 13, 1993, the state attorney in Pinellas County charged the defendant with the other two kidnappings. On June 16, 1993, the state attorney in Dade County filed a nolle prosequi on the Johnson kidnapping charge.
The defendant was tried in Pinellas County on August 24, 1993, for the two kidnapping charges pending there, but a mistrial was declared after two days. On September 13, 1993, the state attorney in Pinellas County filed an amended information adding the Johnson kidnapping to the other two kidnapping charges which were being retried as a result of the mistrial. The defendant filed a motion for discharge on the Johnson kidnapping count on speedy trial grounds, pursuant to Florida Rule of Criminal Procedure 3.191. The motion, which was denied, claimed that discharge was appropriate because more than 175 days had elapsed between the date on which the defendant was arrested (March 4, 1993) and the date on which the Pinellas *398 County information was filed (September 13, 1993).
In State v. Agee, 622 So.2d 473, 475 (Fla. 1993), the court held that "when the state enters a nolle prosequi, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired." Thus, as the state concedes, by the time the Pinellas County state attorney charged the defendant with the Johnson kidnapping, the Dade County state attorney was barred from refiling that charge. Nevertheless, the state argues that prosecution of this offense by the Pinellas County state attorney is not barred by Agee. The state recognizes that the Pinellas County state attorney could not commence prosecution on the Johnson kidnapping charge as long as a prosecution for that charge remained pending in Dade County. The state then argues that the speedy trial time did not begin to run on the Pinellas County prosecution until the amended information was filed in Pinellas County. In support of this argument, the state contends that in adopting the speedy trial rule, the supreme court did not intend to hold one state attorney accountable for the speedy trial time clock begun by another state attorney for the same offense. No authority is cited for this proposition.
We disagree with the state's arguments because they overlook the fact that "the defendant in a criminal case is not being charged and prosecuted by the state attorney, but by the sovereign State of Florida. The state attorney is merely the court official charged with the duty of handling the case from its inception to its conclusion." State v. Coney, 272 So.2d 550, 553 (Fla. 1st DCA 1973). The fact that the Johnson kidnapping charge could be prosecuted in more than one venue arises solely from the fact that the kidnapping was committed in more than one county. However, the existence of a choice of venue does not alter the defendant's right to a speedy trial as provided by rule 3.191. Even though the offense was committed in more than one county, it is still one offense. Thus, the same double jeopardy considerations that prohibit simultaneous prosecution of this offense in both venues also preclude treatment of the Dade County and the Pinellas County prosecutions as separate prosecutions for speedy trial purposes. Furthermore, there is no legally cognizable reason to treat an offense committed in more than one county differently from an offense committed in only one county.
The speedy trial rule applies to "person[s] charged with a crime by indictment or information." Fla.R.Crim.P. 3.191(a). The date of the original arrest is the focal point for speedy trial considerations because speedy trial commences when the accused is taken into custody, i.e., when he is arrested as a result of the conduct that gave rise to the charge or is served with a notice to appear. See Genden v. Fuller, 648 So.2d 1183 (Fla. 1994). When the defendant was arrested on March 4, 1993, the speedy trial time began to run and continued to run even after the nolle prosequi was filed in Dade County. If Pinellas County wanted to prosecute the charge, it was incumbent upon the state attorney in that county to file an information before the speedy trial time elapsed and, if legal grounds existed, to seek an extension of the time pursuant to the provisions of the speedy trial rule. See Reed v. State, 649 So.2d 227 (Fla. 1995). Once 175 days had elapsed from the date of the defendant's arrest, however, neither Dade County nor Pinellas County could refile the kidnapping charge under the rule announced in Agee.
We reverse the defendant's conviction on the charge of kidnapping Lowell Johnson, Sr., and remand with directions that the conviction be vacated and the defendant be discharged on this count. Because the defendant's sentencing scoresheet must be recalculated, we also remand for resentencing on the remaining two convictions which are affirmed.
Affirmed in part, reversed in part and remanded.
PARKER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Section 910.14, Florida Statutes (1993) provides: "A person who commits an offense provided for in s. 787.01 or s. 787.02 may be tried in any county in which his victim has been taken or confined during the course of the offense."