757 So.2d 597 (2000)
Andrew Louis WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-820.
District Court of Appeal of Florida, Fifth District.
May 12, 2000.
*598 James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
DAUKSCH, J.
This is an appeal from a conviction for delivery of cocaine after the trial court denied a motion for discharge.
Appellant participated in a police-conducted controlled buy of cocaine and was arrested as the seller. After his arrest he agreed with the police that he would act as their agent and assist in their drug enforcement operations as an informant. The police then effected what the state attorney termed an "unarrest." After acting as an agent of the police for a number of weeks appellant was again arrested for the same delivery of cocaine for which he had once been arrested and then "unarrested."
Upon the expiration of the speedy trial period, as calculated from the date of the initial arrest, appellant filed the proper motions to require the court to discharge him. The court denied the motion to discharge and this appeal must now resolve the legal issue of whether a person can be arrested for a crime, unarrested and then rearrested, and, if so, whether the first arrest starts the running of the speedy trial time, or the second arrest, or, conceivably, the third, fourth, fifth, etc.
We hold that the initial arrest starts the running of the speedy trial time and that for the purposes of the speedy trial rule, at least, there is no such thing as an "unarrest."
Florida Rule of Criminal Procedure 3.191(a) provides in part as follows:
(a) Speedy Trial without Demand. Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (f), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged is a misdemeanor, or within 175 days if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p). The time *599 periods established by this subdivision shall commence when the person is taken into custody as defined under subdivision (d). A person charged with a crime is entitled to the benefits of this rule whether the person is in custody in a jail or correctional institution of this state or a political subdivision thereof or is at liberty on bail or recognizance or other pretrial release condition.
For purposes of this rule, a person is taken into custody (1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or (2) when the person is served with a notice to appear in lieu of physical arrest. Fla. R.Crim. P. 3.191(d).
Under rule 3.191, the date of the original arrest is the focal point for speedy trial considerations. Adams v. State, 659 So.2d 396 (Fla. 2d DCA), cause dismissed, 662 So.2d 341 (Fla.1995); Gordon v. Leffler, 495 So.2d 200 (Fla. 5th DCA 1986), rev. denied, 503 So.2d 327 (Fla.1987). A formal arrest, complete with fingerprinting and formal charges, is not always necessary to start the running of the speedy trial time. State v. Lail, 687 So.2d 873 (Fla. 2d DCA 1997); State v. Christian, 442 So.2d 988 (Fla. 2d DCA 1983); Bannister v. State, 382 So.2d 77 (Fla. 5th DCA 1980).
However, something more than an investigatory detention is required. Lail; Christian. A person may be "in custody" for purposes of Miranda[1] requirements, but not for purposes of the speedy trial rule. Griffin v. State, 474 So.2d 777 (Fla.1985), cert. denied, 474 U.S. 1094, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986); Christian; State v. Miller, 437 So.2d 734 (Fla. 1st DCA 1983); State ex rel. Dean v. Booth, 349 So.2d 806 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 129 (Fla.1978). And, a seizure may trigger fourth amendment protection and yet not be a technical arrest. Griffin.
In Melton v. State, 75 So.2d 291, 294 (Fla.1954), the Florida Supreme Court defined an "arrest" as follows:
It is uniformly held that an arrest, in the technical and restricted sense of the criminal law, is `the apprehension or taking into custody of an alleged offender, in order that he may be brought into the proper court to answer for a crime.'... When used in this sense, an arrest involves the following elements: (1) A purpose or intention to effect an arrest under a real or pretended authority; (2) An actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested; (3) A communication by the arresting officer to the person whose arrest is sought, or an intention or purpose then and there to effect an arrest; and (4) An understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him.
The Florida Supreme Court used this definition of arrest for resolving speedy trial issues in Brown v. State, 515 So.2d 211 (Fla.1987) and Griffin. In the present case, law enforcement officials conducted an undercover drug operation and witnessed an exchange of money for crack cocaine. Based on his involvement in this transaction, Williams was arrested, handcuffed and placed in a police vehicle. Although Williams apparently was not booked and was allowed to leave the scene, his detention is sufficient to constitute an "arrest" under Melton.
The cases in which the courts have held that speedy trial time did not start involve situations in which the defendant was arrested by other agencies or was merely questioned without being arrested. See, e.g., Griffin (for speedy trial purposes, defendant was not arrested when officers removed him from jail in which he was awaiting trial on unrelated charges, drove him to the murder scene, and took him to the police station for interrogation where *600 he denied involvement in crime); Lail (defendant was not in custody for purposes of speedy trial rule where he voluntarily accompanied police for questioning, was given his Miranda rights and agreed to a search but was released when police did not feel they had sufficient evidence to arrest him); Christian (defendant was not arrested for speedy trial purposes where he was taken in handcuffs to police station, questioned and then released without arrest); Miller (speedy trial time did not run merely because the defendant, who was already in custody on an unrelated offense, was given his Miranda warnings and questioned about the alleged crime); Bannister (defendant's arrest by federal authorities did not trigger state speedy trial time); Booth (where defendant was taken to police station, advised of his Miranda rights and questioned but was not placed in a cell nor fingerprinted and was allowed to leave without being placed under arrest, defendant was not under arrest for purposes of the speedy trial rule). See also Brown (administrative confinement of inmates did not constitute arrest for speedy trial purposes).
Here, however, Williams was immediately arrested after his involvement in the drug transaction. Thus, this case involves more than mere questioning and is not a case of a mistaken arrest. Williams was only "unarrested" after he made an offer to aid law enforcement officials.
On appeal, the state seems to concede that Williams was arrested, but argues that he was "unavailable" for trial and thus was not entitled to the protection of the speedy trial rule. Rule 3.191(k) provides that a person who has not been available for trial during the term provided is not entitled to be discharged. A person is deemed "unavailable" for trial if the person or the person's counsel fails to attend a proceeding where their presence is required or the person or counsel is not ready for trial on the day trial is scheduled.
Here, no proceedings were ever scheduled and the trial was never set. Thus Williams cannot be considered "unavailable." Compare State v. Del Rio, 483 So.2d 478 (Fla. 3d DCA 1986) (defendant was not entitled to discharge under speedy trial rule where he was not continuously available for trial during critical 180-day period; defendant failed to appear at the date set for his trial and moved for discovery as to the confidential informant, thus indicating his unreadiness for trial); State v. Toyos, 448 So.2d 1135 (Fla. 3d DCA 1984) (defendant was not continuously available for trial where a continuance was requested purportedly for all defendants and counsel for the defendant failed to inform the court that he opposed this continuance).
The state also argues that Williams should be estopped to claim speedy trial protections because he was free following his unarrest. However, a defendant need not remain in custody to have the benefits of the speedy trial rule. The speedy trial rule specifically provides that a person charged with a crime is entitled to the benefits of the rule whether the person is in custody or is at liberty on bail or recognizance or other pre-trial release condition. If the state is concerned about speedy trial, it could merely obtain a waiver from the defendant, as part of his substantial assistance agreement.
In addition, the speedy trial rule provides that the intent and effect of the rule shall not be avoided by the state by nolle prossing a crime and then prosecuting a new crime grounded on the same conduct or criminal episode. Just as the state cannot avoid the effect of the rule by the prosecutor's actions in nolle prossing a crime, the state should not be able to avoid the effect of the rule by the actions of the police in "unarresting" the defendant.
The conviction is reversed, the sentence vacated and this case remanded for the discharge of appellant.
REVERSED and REMANDED.
*601 ANTOON, C.J., concurs.
W. SHARP, concurs specially with opinion.
W. SHARP, J., concurring specially.
It appears that the majority opinion in this case is the logical extension of Genden v. Fuller, 648 So.2d 1183 (Fla.1994) and Rodriguez v. State, 453 So.2d 175 (Fla. 2d DCA 1984), and thus I must concur.
However, the speedy trial rule in the context of this case, makes little sense to me. Florida Rule of Criminal Procedure 3.191 is designed to insure a criminal case is timely prosecuted by the state and to prevent a person charged with a crime by indictment or information from having the sword of Damocles held over his or her head for an unreasonable amount of time. At the same time, the rule contains numerous safeguards for the state, if extensions or exceptions are needed to the relatively short-time frames posed by the rule. In any event, a short window period is provided, in which the defendant can be brought to trial at the last minute.[1]
However, that does not work in this context. Williams was not charged with a crime, and the court process that should have alerted the state to commencement of the running of the speedy trial time did not get started. In such a case, the prosecutor and trial judge might never know of the running of the speedy trial time before it runs out. Williams was rearrested shortly before the speedy trial time ran, based on his first arrest, but that need not be the case.
In effect, the speedy trial rule as interpreted by case law, has drastically shortened the statute of limitations for prosecution of crimes, and as such it has become the defendant's best defense and ally. In my view, the rule needs redrafting and rewriting. I do not think the suggestion that police officers carry waivers of speedy trial time to be signed by persons arrested, and unarrested like Williams, is a good answer. That leads to messy questions, like lack of understanding of rights being waived, need for advice of counsel, etc.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[1] Fla. R.Crim. P. 3.191(p).